Proceeding against the defendant, charging him with being the father of a bastard child; and at his instance an issue was made up in pursuance of the provisions of the statute on the subject.
Upon the trial of the issue at this term the examination of the woman by the justices was offered in evidence, and in reply the defendant proposed to prove that the character of the woman for truth was bad. The evidence was objected to, and rejected by the court, upon the ground that the statute makes the examination of the woman presumptive *Page 261 
evidence, at all events, without reference to her character; that its being evidence to that extent did not depend upon her having a good character.
A verdict was returned for the defendant, and from the judgment thereon the State appealed.
In my opinion, the court below erred in rejecting (383) the evidence offered by the defendant. A cursory examination of the legislative history on this subject may materially aid in coming to a satisfactory conclusion on the question. The first act on our statute-book was passed in 1741. It is provided there that if a woman, the mother of a bastard child, "shall, upon oath, accuse any man of being the father of her bastard child, etc., such person so accused shall beadjudged the reputed father", etc. The uniform exposition under that statute was that the affidavit of the woman was plenary evidence of itself, not only to affiliate the child, but to deprive the man charged of all defense; indeed, no defense was allowed him. The law stood thus until 1814, when the great evil which had sprung up under the former act was endeavored to be removed by giving to the accused a right to have the fact of paternity tried by a jury; but on the trial the Legislature declared that the examination of the woman should be prima facie
evidence of that fact. Rev. Stat., ch. 12, sec. 4. Under this act S. v.Patton, 27 N.C. 180, occurred, and it was decided by the Court that the defendant could only produce evidence to show that he was not the father of the child. The Court also endeavored to draw a distinction between evidence which is prima facie and that which is presumptive; and as the examination of the woman was made by the act to be the former, they decide that when a woman was, upon the trial, examined as a witness, and it was shown that she had sworn corruptly false, that it would not help the defendant, for set her aside altogether as a witness in the cause, and the examination would still remain, which the statute has declared to be sufficient for his conviction. Such was the opinion of the judge who tried the cause below in that case. This case was followed by others affirming the principle declared by it. Among them is that of S. v. Wilson, 32 N.C. 131, in which the Court says that under the act of 1714 the trial claimed by a defendant in a case of bastardy puts in issue the very fact of begetting the child, and (384) nothing more. The defendant might prove nonaccess, impotence, or any other natural defect inconsistent with his paternity, "and were it not for the peculiar force given by the statute, according to itsnecessary construction, to the examination of the woman, as evidence to the *Page 262 
jury," etc. This decision took place at August Term, 1849. At the succeeding session of the Legislature, in 1850-51, the law was altered. It was believed that, under the construction put upon the act of 1741 by the Supreme Court, the law was rather too stringent. And the act declares that, for the future, the examination of the woman "shall not be taken as prima facie evidence, but shall be regarded as presumptive evidence, subject to be rebutted by other testimony, which may be introduced by the defendant." Whatever of incongruity or of verbiage there may be in the act, there can be no doubt of the meaning of the Legislature. They intended to let in evidence on the part of the defendant, of a circumstantial character, to show he was not the father of the child. Upon that act, he was required to prove that he was not; now he is permitted to satisfy the jury, if he can, by any evidence known to the law, that the charge is false. The words of the act are "subject to be rebutted by other testimony"; by what testimony is left at large. The defendant was therefore at liberty to assail the correctness of the evidence, to wit, the examination, on the part of the State, by any testimony which had a tendency to show the jury that it was not true or that they ought not to rely upon it. And one of the modes of doing that is to prove that the source from which it proceeded was unsound; that the individual testifying to the circumstances relied on was corruptly false in his statement, or that his general character was so infamous that the jury ought not to place any reliance on his statement. The ground upon which his Honor rejected the evidence was that the act makes the examination (385) presumptive evidence at all events, without reference to the character of the woman. So it does; but from an abundance of caution it goes on to say it (the examination) may be rebutted by other evidence. What may be rebutted? Not the fact of the examination, but the truth of the facts stated in it. Without those latter words in the act, I should have held that after the Legislature had made the examination presumptive evidence — like all evidence of a similar character — it was open to the other party to rebut or repel. The act of 1850 has been subjected to much criticism, I think unjustly. It has been said that prima facie evidence may be rebutted by other testimony, and that presumptive evidence may also be so met. This is true. The only objection that I see is that the latter words of the act are unnecessary. In S. v.Patton, supra, it had been declared by the Court that there was a difference between the two characters of evidence; that prima facie
evidence is such evidence as, in judgment of law, is sufficient to establish the fact in controversy, and, in the absence of controlling testimony, becomes conclusive, and the jury, by the law, are bound so to consider it; and that presumptive evidence, properly so called, is that which does not of itself directly prove the controverted fact, but leaves the jury at liberty *Page 263 
to find in accordance with it or not, as their minds shall direct. For this distinction reference was made to 1 Phil. Ev., 155-56, and to the cases of ___________ v. Jackson, 4 Peters, 1, and Kelly v. Jackson, 6 Peters, 632.
I recognize no higher authority in matters of law than that of this Court and of the Supreme Court of the United States. I hold, therefore, that there is a plain and manifest difference between evidence which isprima facie and that which is called presumptive. The effect of the one is a conclusion of law; the effect of the other, the result of the reasoning of the jury.
Presumptions of law are, by Mr. Best in his treatise on (386) presumptions of law, among other divisions, divided into absolute and conclusive, or conditional and inconclusive. The former, by common-law writers, are called irrebuttable presumptions, and by civilianspresumptiones juris et de jure; and the latter rebuttable, andpresumptiones juris. Of the first kind is the presumption of a grant from thirty years quiet possession under it. The law will not allow of testimony to show the reverse. So an infant under seven years of age is presumed to be incapable of committing a felony — nor will it be permitted to show the contrary by the clearest evidence. 4 Bl: Com., 23; 1 Phil. on Ev., 462.
Rebuttable presumptions of law are intendments of law, and only hold until disproved. Thus, though the law presumes every infant between seven and fourteen to be doli incapax, still a mischievous disposition may be shown. 4 Bl. Com., 23. Such a presumption is sometimes called prima facie
evidence. Best, 43. A receipt for rent is prima facie evidence that all rent due previously thereto has been paid. Prima facie evidence is a rebuttable presumption of law, and if not rebutted, the jury is bound in law to find their verdict in accordance with it, and if they refuse so to do, they violate their duty; but under evidence strictly presumptive, they may or may not find with it, as their judgment may dictate. Whatever doubt might exist as to the distinction attempted to be drawn, as above, is put to rest by the act itself. The examination of the woman is declared to be presumptive evidence, subject to be rebutted by other testimony to be introduced by the defendant. The object of the evidence rejected was pertinent to the issue, as enabling the jury to say how far they could depend upon the person who made it. Rules of evidence are but rules of law, subject to be altered by the Legislature when and how they please, so they do not infringe upon rights already vested in individuals.
In my opinion, there is error in the ruling of the judge below, and there ought to be a venire de novo. *Page 264