In selecting a jury, the solicitor for the State claimed the right of making four peremptory challenges, which was overruled by his Honor. On the trial, in order to repel the presumption raised by the examination of the woman before the magistrate, the defendant offered to prove that she had made concerning the matter contradictory statements. To this the solicitor objected, upon the ground that the woman must first be called by the defendant. This objection was also overruled by his Honor; and from a verdict and judgment in favor of the defendant, the solicitor for the State appealed to the Supreme Court.
By the Revised Statutes, chapter 31, section 37, "each party in all civil suits" may challenge peremptorily four jurors. So the question is, are proceedings in bastardy "civil suits"?
Suits are either civil or criminal. All criminal suits are prosecuted in the name of the State; but all suits prosecuted in the name of the State are not criminal suits — an action of debt may be prosecuted in the name of the State. The true test is, when the proceeding is by (245) indictment, it is a criminal suit; when by action or other mode, although in the name of the State, it is a civil suit, and should be by the clerks put on the civil, as distinguished from the State docket. By the "Declaration of Rights," no free man shall be put to answer any criminal charge, but by indictment, presentment, or impeachment. By Revised Statutes, chapter 35, section 6, no person can be charged in a criminal proceeding, except upon a bill of indictment. Tested in this way, the present is a "civil suit," although prosecuted in the name of the State, and the plaintiff was entitled to four peremptory challenges. The object of the suit is not to punish the defendant for an act done to the injury of the public, but to indemnify the county of Wayne against a liability for the support of a bastard child, of which the defendant is by law the reputed father. The other question is settled. S. v. Floyd, 35 N.C. 382.
PER CURIAM.
Judgment reversed, and venire de novo awarded.
Cited: S. v. Brown, 46 N.C. 130; Adams v. Pate, 47 N.C. 15; S. v.Thompson, 48 N.C. 367; Ward v. Bell, 52 N.C. 80; S. v. Waldrop. 63 N.C. 508;S. v. McIntosh, 64 N.C. 607; S. v. Green, 71 N.C. 174; S. v.Hickerson, 72 N.C. 422; S. v. Bryan, 83 N.C. 611; S. v. Collins,85 N.C. 513; S. v. Wilkie, ibid., 514; S. v. Crouse, 86 N.C. 617;S. v. Peeples, 108 N.C. 769; S. v. Edwards, 110 N.C. 512;S. v. Burton, 113 N.C. 659; S. v. Ostwalt, 118 N.C. 1214;S. v. Ballard, 122 N.C. 1030; S. v. Liles, 134 N.C. 737.