## EDWARD H. LUDLOW *v.* RICHARD F. CARMAN.

C., the owner of a house, put it into the hands of both G. & L., brokers, for sale, agreeing to give a commission to whichever of them sold it. One F. was introduced to C. through the intervention of G., and looked at the house; but nothing resulted from the interview. L. afterwards brought F. and C. together, and nego-

tiations were continued between them some time; C. finally made an offer of sale, which F. refused to accept; the negotiations were given up, and L. himself gave up attempting to effect a bargain between them. Through the intervention of G., however, they were brought together again, and a sale was finally effected upon the same terms which F. had previously declined to accede to.

*Held*, that L. was not entitled to commissions as broker.

If a broker finds a purchaser and puts him in communication with the seller, and the parties think proper to take the matter out of his hands and carry on the negotiation themselves, the broker earns his commissions if a sale is afterwards effected.

But in this case L. could not be said to have found the purchaser. He merely brought parties together who had been together already.

Nor did he effect a sale. The sale was effected through the efforts of G., after the negotiations had been abandoned by L., and G..alone was entitled to commissions.

Per HILTON, J., *dissenting.*—The facts proved were sufficient to make out a *prima facie* case, and enough to entitle the plaintiff to recover. And the finding of the justice in favor of the plaintiff L., not being so clearly against evidence as to warrant the presumption of bias, passion, partiality, or obvious misapprehension or mistake, the judgment should be affirmed.

APPEAL by defendant from a judgment of the Marine Court. The action was brought to recover the sum of $300, broker's commissions on the sale of a house belonging to the defendant. The only question in the case was whether the sale was effected through the plaintiff, or through one Glentworth, another broker. Judgment was given for the plaintiff for the full amount claimed, which was affirmed by the general term of the Marine Court. The defendant appealed. The facts in the case are fully stated in the opinion of Judge DALY.

*C. J. & E. De Witt*, for the appellant.

*G. P. Andrews*, for the respondent.

BRADY, J.—I think the testimony shows that, although the plaintiff was employed to sell, and introduced the buyer, the purchase was abandoned, and subsequently induced by Glentworth. I do not consider this a case of conflict of evidence, but a clear misapprehension or plain mistake on the part of the jus-

tice.   If the evidence established the facts that the plaintiff intro-
duced the buyer, and that the buyer so introduced, without any
intervening agency, made the purchase, it would be otherwise,
even though a period should have elapsed between the introduc-
tion and the purchase, and the negotiations for a time should not
have resulted in a sale.   Here, as already suggested, the buyer
abandoned the contemplated purchase, but finally completed it
through the instrumentality of Glentworth.   There is no evidence
to show that, after the interviews between the defendant and the
purchaser, consequent upon the introduction of the latter, but
which resulted in nothing, the plaintiff ever did anything towards
the sale or a renewal of the negotiations.   Indeed, it appears that
he did not know that the sale had eventually been made to the
person introduced by him, until it was consummated.   The case,
therefore, on the part of the plaintiff, is a mere introduction of a
person desirous to buy, but unwilling to comply with the terms
of sale, and declining to purchase for that reason.   Although the
buyer was introduced by the plaintiff, the sale to him was effect-
ed by Glentworth.   I think the judgment should be reversed.

DALY, First Judge.—There was no conflicting testimony in
this case.   That is, there was no contradiction as to the material
facts, for Ludlow's impressions, or what he supposed, could not
alter or affect the facts positively sworn to by the witnesses Car-
man, Fellows, and Glentworth, and the most material facts con-
sisted of what occurred in the presence of Ludlow—such as the
declaration of Fellows that he had given the matter up, and Lud-
low's statement to Carman that there was no use of any further
negotiations with Fellows, which Ludlow did not deny, or attempt
to qualify or question.

The facts, as they stand uncontradicted upon the evidence, are
as follows :  The defendant Carman had employed Glentworth to
sell the house, and Glentworth's cards or bills, directing inquiries
to be made of him, had been on the house for three or four months.
While Glentworth's bills were up, the carpenter of Fellows called
upon him, Glentworth knowing that he represented Fellows, and

obtained a list of houses which Glentworth had for sale, among which was the house in question; and it was from his carpenter that Fellows first learned that the house was in the market. Carman called upon Ludlow to get him to sell the house, but Ludlow refused to act while Glentworth's bills were on it, and Carman agreed to put up a bill directing inquiries to be made of himself, which was done with the understanding that Ludlow might offer the property for sale as well as any other broker, Carman declaring that he would give a commission to whoever sold it. Fellows, having learned from his carpenter that the house was for sale, obtained Carman's address from the bill on it, and called at Carman's office. He saw Carman, learned from him the price, and Carman went and showed him the house; but nothing resulted from the interview. This took place before Ludlow applied to Fellows as the agent or broker of Carman. Ludlow then sent for Fellows, and an interview took place between him and Carman at Ludlow's office. Ludlow testifies that he introduced them, and that he supposed, from the way in which they acted, that they were strangers. Fellows, however, testifies that he mentioned to Ludlow that he had seen Mr. Carman's house, and that Ludlow then told him that he had the selling of it. Here, then, is perhaps some conflict, but if there is, it is not material, as Ludlow's testimony, giving it its full scope and extent, is merely as to his impressions, which could not be received to contradict a fact positively sworn to by both Carman and Fellows; indeed, as mere matter of impression, it was no evidence at all, for he did not state how they acted, or what they said, to give him such an impression. Two interviews occurred between Fellows and Carman at Ludlow's office, but they could not come to terms. Carman's price was $30,000. Fellows wanted certain repairs made. Carman considered that they would cost five or six hundred dollars, as he told Ludlow, and offered to throw off $500, which was communicated by Ludlow to Fellows, but Fellows considered the reduction too trifling, and would not buy except at $30,000, Carman agreeing to make the repairs. At this point of difference the parties stood. Ludlow tried to persuade

Ludlow v. Carman.

Fellows to buy at Carman's offer, telling him that the property was cheap, but did not succeed in inducing him, and Carman would not sell upon Fellows' terms. Fellows then, as he testifies, abandoned all hope of making the purchase. At the last inter·view between him and Carman at Ludlow's office, he told Carman and Ludlow that he had given the matter up, and was going to look elsewhere; and Ludlow told Carman that there was no use of any further negotiations with Fellows; and so the matter ended as respects Ludlow's efforts or attempts to bring about a sale. If the parties—that is, Carman and Fellows—had come together again of their own motion, and perfected the sale, there would have been some color or ground for holding that Ludlow would have been entitled to a commission. But they did not. They were brought together again by another broker, Glentworth. While Ludlow was trying to negotiate the sale, Fellows was repeatedly at the office of Glentworth respecting the purchase of the house, or of others, or for the renting of a furnished house. After the last interview between Carman and Fellows at Ludlow's office, Glentworth met Carman and brought him to his, Glentworth's, office, where he met Fellows, and negotiations were resumed for the purchase. This negotiation was carried on by Glentworth, and, after two interviews at Glentworth's office, the parties came to terms, the bargain was made, and the contract for the purchase was drawn up and executed in the office of Glentworth.

The question for the justice, upon this uncontradicted state of facts, was, who effected the sale, or earned the commission, Glentworth or Ludlow? They could not both earn it, for, although Carman employed them both, and had a right to employ as many brokers as he thought fit, he had agreed or promised to pay a commission only to the one who effected the sale. This question upon the evidence was a very plain one, and admitted, in my judgment, of but one conclusion. Neither Glentworth nor Ludlow were directly instrumental in bringing Carman and Fellows together on the first interview, but their first meeting was brought about indirectly through information obtained by the carpenter

of Fellows at the office of Glentworth.   That interview ended in nothing.   Carman and Fellows were then brought together by Ludlow, and several interviews took place at his office, which also ended in nothing.   After which they were brought together again by Glentworth, and through him the sale was effected. That is, the sale was the consequence of his action.   It is true that, while the matter was in the hands of Ludlow, Fellows offered to buy upon the same terms that Carman subsequently sold; but Carman then declined to accept it, and the matter was given up by Fellows, Ludlow himself declaring that there was no further use in negotiating with him.   Ludlow did all that he could to persuade Fellows to accede to Carman's terms, but without effect; and the matter, so far as Ludlow's instrumentality and efforts intervened, was abandoned and given up.   Ludlow swore that he considered that the matter was still in his hands, but what he considered is not to be received against the open evidence of his acts—his positive declaration that there was no use in negotiating further with Fellows.   While Ludlow was negotiating between the parties, neither Carman nor Fellows attempted to take the matter out of his hands.   Fellows considered that he was the person to treat with, and Ludlow did what he could do, but without success.   Carman had not employed him exclusively, and Glentworth had a right to take the matter up, and bring the parties to an understanding if he could.   All that we have ever said in these cases is that, if the broker finds the purchaser, and puts him in communication with the seller, and the parties think proper to take the matter out of the broker's hands and carry on the negotiations themselves, the broker earns his commission if a sale is afterwards effected.   Here, Ludlow cannot be said to have found the purchaser.   He merely brought parties together who had been already together.   If, after doing this, he had effected a sale; or if they had taken the matter out of his hands and agreed upon the terms of sale, he would, perhaps, have earned his commission.   But nothing of the kind took place.   He brought them together, and failed to accomplish anything.   Another broker did precisely what he had done, and succeeded in

effecting what Ludlow had not been able to bring about. I think the true mode of viewing the case is, as suggested by Judge BRADY, that the negotiation instituted by Ludlow was abandoned and given up by all the parties to it. That a new negotiation was then set on foot by Glentworth, and, though it resulted in a sale upon precisely the same terms as had been offered by Fellows in the negotiation with Ludlow, that it was nevertheless a distinct and independent transaction, not proceeding or growing out of the previous one, so as to constitute Ludlow the party through whose instrumentality the sale was effected. Carman had employed Glentworth previous to the negotiation with Ludlow. That employment still continued, and Carman was justified in regarding Glentworth as the party through whose action the sale was finally brought about. He has paid Glentworth a commission of $300, and to sustain this judgment would be to compel him to pay another commission, which would involve, holding either that he owed Glentworth nothing for his final services in the matter, or was bound to pay a commission to each broker, a conclusion, I think, unwarranted by the evidence, and which, in my judgment, would be most unjust. I therefore agree with Judge BRADY that the judgment should be reversed.

HILTON, J. (dissenting.)—The plaintiff sued in the court below to recover commissions for his services as broker in effecting a sale of certain real estate belonging to the defendant. On the trial, evidence was introduced tending to show the employment of the plaintiff, the services performed by him in bringing about the sale of the property, and their value. The case was submitted to the justice without any testimony being offered by the defendant, and a judgment was subsequently rendered for the amount claimed. The defendant appeals upon the ground that the judgment is contrary to the evidence.

It is a sufficient answer to this objection to refer to the authorities, where it has been repeatedly held that the finding of the justice upon questions of fact is to be treated in every respect like the verdict of a jury, and, upon appeal, the judgment

will not be reversed upon the ground stated, except in those cases where it is so clear as to warrant the presumption of bias, passion, partiality, or obvious misapprehension or mistake on the part of the justice. *Stryker* v. *Bergen*, 15 Wend. 491; *Noyes* v. *Hewitt*, 18 Id. 141; *Easton* v. *Smith*, 1 E. D. Smith, 318; *Decker* v. *Jaques*, Id. 80; *Needles* v. *Howard*, Id. 54; *Heim* v. *Wolf*, Id. 70; *Mellon* v. *Smith*, 2 Id. 463.

Here, the testimony on the part of the plaintiff amounted, in my opinion, to at least *prima facie* evidence; and such as, in judgment of law, was sufficient to establish the facts which entitled him to recover; and, not being overcome, remained sufficient for the purpose. *Kelly* v. *Jackson*, 6 Peters, 622. It appeared affirmatively that Ludlow was employed to sell the property, and through his instrumentality a purchaser was procured who offered a price which the defendant at first refused, but afterwards concluded to accept. It is true that Glentworth was entitled to the credit of finding the defendant in a different state of mind from that in which the plaintiff left him, but I am not prepared to say that this act was sufficient to justify the payment of the entire commissions to Glentworth, and thus in effect hold that the plaintiff was entitled to nothing. It may have been a proper case for the defendant interpleading Ludlow and Glentworth respecting the commissions, but the proof, in my opinion, is not such as to justify us in saying that no cause of action was shown.

I think, upon the whole case, that the judgment should be affirmed.

Judgment reversed.