SAMUEL KELLY, A CITIZEN OF NEW YORK, PLAINTIFF IN ERROR v. JAMES JACKSON, A CITIZEN OF NEW JERSEY, DEFENDANT IN ERROR, EX DEM. HENRY GAGE MORRIS, MARIA MORRIS, THOMAS HINCKS, JOHN HINCKS, ALIENS AND BRITISH SUBJECTS, JOHN JACOB ASTOR, THEODOSIUS FOWLER, CADWALLADER D. COLDEN AND CORNELIUS I. BOGART, CITIZENS OF NEW JERSEY.

The decisions of the court in the case of Carver v. Astor, 4 Peters, 1, and in Crane v. Morris, et al. ante, 598, affirmed.

No court is bound, at the mere instance of the party, to repeat over to the jury the same substantial proposition of law, in every variety of form, which the ingenuity of counsel may suggest. It is sufficient if it is once laid down, in an intelligible and unexceptionable manner.

Prima facie evidence of a fact, is such evidence as in judgment of law is sufficient to establish the fact; and if not rebutted, remains sufficient for the purpose. The jury are bound to consider it in that light; unless they are invested with authority to disregard the rules of evidence, by which the liberty and estate of every citizen are guarded and supported. No judge would hesitate to set aside their verdict and grant a new trial, if, under such circumstances, without any rebutting evidence, they disregard it. It would be error on their part, which would require the remedial interposition of the court. In a legal sense, then, such prima facie evidence, in the absence of all controlling evidence, or discrediting circumstances, becomes conclusive of the fact; that is, it should operate upon the minds of the jury as decisive to found their verdict as to the fact. Such are understood to be the clear principles of law on this subject.

ERROR to the Circuit Court for the southern district of New York.

The pleadings and the facts in this case, with the addition of those particularly noticed in the opinion of the court, were the same with those in the preceding case of Crane v. Jackson.

On the trial in the circuit court, after both parties had closed their proofs, the counsel for the defendant submitted to the circuit court the following points in writing, on the question of a delivery of the settlement deed; upon which points the said counsel prayed the circuit court to charge and instruct the jury as matters of law arising upon the proofs and allegations of the parties.

I. It was necessary to the validity of the deed that it should

[Kelly v. Jackson et al]

have passed into the hands of the trustees, or some person for them, with intent that it should take effect as a conveyance.

2. Roger Morris was a grantor, or stood in the character of a grantor in that deed.

3. The possession by Morris of one part of the deed does not in itself furnish any evidence of a delivery.

II. The fact that Morris and wife were in possession of the land before the revolution, taking the rents and profits, is not in itself any evidence either for or against the validity of the deed; because they were entitled to the possession whether the deed was delivered or not.

(2.) The holding from the marriage to the attainder, cannot be said to have been under the settlement deed, until it is first ascertained that the deed had been delivered.

III. The evidence arising from the proof of the deed by William Livingston, is no more conclusive upon the question of a delivery of the deed, than that arising from proof of the hand writing and death of the subscribing witnesses.

(2.) In either case it is only prima facie evidence, or evidence from which a delivery may be presumed, and may be rebutted by direct or circumstantial evidence, which raises a contrary presumption.

(3.) The evidence of a delivery, arising from the proof of the deed by William Livingston, and the proof of the handwriting and death of the subscribing witnesses, is only presumptive evidence, and may be rebutted by evidence of the same character.

IV. In the absence of any direct evidence that the trustees, or any other person for them, ever had the deed, and the possession being equivocal in its character, the fact that the deed came out of the hands of Morris in 1787, is sufficient of itself to rebut any presumption of a delivery arising from the proof of the deed by William Livingston, or the proof of the handwriting and death of the subscribing witnesses.

(2.) If not sufficient of itself to destroy any presumption of a delivery, it is, at the least, evidence against a delivery, to be considered and weighed by the jury.

V. If the jury, from the evidence, believe that the deed was signed and sealed on the day of its date, and that all William Livingston and Sarah Williams witnessed was what took

place at that time, and that the deed was not delivered before the execution of the Beekman deed, on the 18th of January 1758, then there is no evidence of a delivery.

(2.) If the jury, from the evidence, believe that the deed was signed, sealed and witnessed on the day of its date, and that it was not delivered before the 18th of January 1758, then there is no evidence of a delivery.

VI. The acts and omissions of Morris and wife, so far as they go to induce the belief that the deed was not perfected by a delivery, are of the same force and effect against the children and their grantee, as they would be against Morris and wife themselves.

VII. Although the deeds to Hill, Merrit, and Rhodes, would, in law, be a good execution of the power contained in the settlement deed, supposing it to have been duly delivered; yet, upon the question whether that deed was or was not perfected by a delivery, those deeds are competent evidence from which the jury are to judge whether Morris and wife acted as tentants for life, or as the owners of the land in fee.

VIII. The evidence upon the one side or the other should not be submitted to the jury as prima facie or presumptive evidence either for or against a delivery, but the jury should consider and weigh the whole evidence together, and from the whole determine whether or not the deed was delivered. And thereupon, after the said cause had been summed up to the jury by the counsel for both parties, the opinion and decision of the said circuit court upon the said several points was delivered in substance as follows, to wit:

Upon the first point, the circuit court gave the instruction therein prayed for to the jury.

Upon the second branch of the first point, the circuit court refused to give the instruction as prayed, saying that, strictly speaking, Morris could neither be considered as grantor or grantee in the settlement deed, and, therefore, the mere possession of the deed by him was no affirmative proof on either side as to the fact of delivery; to which decision of the circuit court the counsel for the defendant, then and there, on the trial, also excepted.

Upon the second point, the circuit court gave the instruction therein prayed for to the jury.

[Kelly v. Jackson et al.]

Upon the second branch of the said second point, the circuit court overruled and refused to give the instruction therein prayed for to the jury; to which said decision and opinion of the circuit court, the counsel for the defendant, then and there, on the said trial, also excepted.

Upon the third point, and the second and third branches of the same, the circuit court gave the instruction therein prayed for to the jury.

Upon the fourth point, the circuit court overruled and refused to give the instruction therein prayed for to the jury; to which said opinion and decision of the said circuit court, the counsel for the defendant, then and there on the said trial, also excepted.

Upon the second branch of the said fourth point, the circuit court overruled and refused to give the instruction therein prayed for to the jury; the court considering Morris technically neither grantor nor grantee, and therefore the mere possession of the deed by Morris was no affirmative evidence either for or against the fact of delivery; to which said decision and opinion of the said circuit court, the counsel for the defendant, then and there, on the said trial, also excepted.

Upon the fifth point, the said circuit court overruled and refused to give the instruction therein prayed for to the jury; to which said decision and opinion of the said circuit court, the counsel for the defendant, then and there, on the said trial, also excepted.

Upon the second branch of the said fifth point, the said circuit court overruled and refused to give the instruction therein prayed for to the jury; to which said decision and opinion of the said circuit court, the counsel for the defendant, then and there, on the said trial, also excepted.

Upon the sixth point, the said circuit court gave the instruction therein prayed for to the jury.

Upon the seventh point, the said circuit court gave the instruction following: "although the deeds to Hill, Merritt, and Rhodes, would in law be a good execution of the power contained in the settlement deed, supposing it to have been duly delivered; yet, upon the question whether that deed was or was not perfected by a delivery, those deeds are competent evidence, from which the jury are to judge whether Morris and

his wife acted under the settlement deed, or as the owners of the land in fee, independent of the settlement deed; to which said decision and opinion of the said circuit court, the counsel for the defendant, then and there, on the said trial, also excepted.

Upon the eighth point, the said circuit court overruled and refused to give the instruction therein prayed for to the jury, and refused to submit the question of a delivery of the deed to the jury, in the manner or upon the principles stated in the eighth point, and said that the plaintiff had given prima facie evidence in support of his case, and such as was conclusive if uncontradicted; and that this must be contradicted or disproved by controlling evidence on the part of the defendant, or the plaintiff was entitled to recover; to which said opinion and decision of the said circuit court, the counsel for the defendant, then and there, on the said trial, also excepted.

The case was argued by Mr Beardsley and Mr Hoffman for the plaintiff in error; and by Mr Ogden and Mr Wirt for the defendant.

The counsel for the plaintiff in error presented in their argument the following points for the decision of the court.

The plaintiff below should have been non-suited.

Unless the marriage settlement release of 1758 was accompanied or preceded by a lease, it could only operate as a deed of bargain and sale, and the statute of uses could only execute the first use.

The recital of a lease in the release, was competent evidence to prove that a lease was originally *executed*, but was not, until the non-production of the lease was accounted for, competent evidence of the *contents* of such lease. The lease, therefore, should have been produced or its non-production accounted for.

The court erred in instructing the jury " that strictly speaking Morris could neither be considered as grantor or grantee in the settlement deed;" the instruction should have been that Morris " was a grantor or stood in the character of a granter.

The court erred in instructing the jury that the mere possession of the deed by Morris was no affirmative proof on either side as to the fact of delivery.

[Kelly v. Jackson et al.]

The court erred in refusing to instruct the jury that in the absence of any direct proof, that the trustees, or any other person for them, ever had the settlement deed, and the possession being equivocal in its character, the fact that it came out of the hands of Morris in 1787, was sufficient of itself to rebut any presumption of a delivery arising from the proof of the deed by William Livingston, or the proof of the hand writing and death of the subscribing witnesses.

The court erred in refusing to instruct the jury that " in the absence of any direct proof, that the trustees, or any other person for them, ever had the settlement deed, and the possession being equivocal in its character, the fact that it came out of the hands of Morris, in 1787," " if not sufficient of itself to destroy any presumption of a delivery, was, at the least, evidence against a delivery to be considered and weighed by the jury."

The court erred in refusing to instruct the jury, that if they believed the deed was signed and sealed on the day of its date, and that all William Livingston and Sarah Williams witnessed, was what took place at that time, and that the deed was not delivered before the Beekman deed on the 18th January 1758; then there was no evidence of a delivery.

The court erred in refusing to instruct the jury, that if they believed the deed was signed, sealed and witnessed on the day of its date, and that it was not delivered before the 18th January 1758; then there was no evidence of a delivery.

The court erred in refusing to instruct the jury, that the holding of Morris and wife, from the marriage to the attainder, could not be said to have been under the settlement deed, until it was first ascertained that the deed had been delivered.

The court erred in admitting in evidence the extracts from the journal of the assembly of New York.

The court erred in refusing to instruct the jury, that they should not look at the evidence upon one side or the other, as prima facie, or presumptive evidence, either for or against a delivery, but that they should consider and weigh the whole evidence together, and from the *whole*, determine whether or not the deed was delivered: and in instructing the jury that the plaintiff (below) had given prima facie evidence in support of his case, and such as was *conclusive* if *uncontradicted;* and that this evidence must be *contradicted* or *disproved* by con-

trolling evidence on the part of the defendant (below), or the plaintiff was entitled to recover.

Mr Justice STORY delivered the opinion of the Court.

Many of the questions arising in this case have been disposed of in the judgment already pronounced in the case of Crane v. Jackson, upon the demise of the same parties; the title and evidence being in each case substantially the same. It will be necessary, therefore, to examine into those objections only, to the ruling of the circuit court at the trial, which are presented by the bill of exceptions taken by the defendant (now plaintiff in error); and which have not been decided in the other case.

The first objection is to the refusal of the court to instruct the jury that "Roger Morris was a grantor, or stood in the character of a grantor in that (the settlement) deed." This is but a slight variation in form from the point presented in the case of Crane v. Jackson, and the instruction given by the court, "that the mere possession of the deed by Morris was no affirmative proof on either side of the fact of delivery," has been already fully considered.

The next objection is to the refusal of the court to instruct the jury that "the holding from the marriage settlement to the attainder, cannot be said to have been under the settlement deed, until it was first ascertained that the deed had been delivered." This instruction was certainly proper in itself to have been given, if it had not been already substantially given in the other instructions: and if the court had given this reason for the refusal, there would not have been the slightest difficulty in maintaining it; for no court is bound at the mere instance of the party, to repeat over to the jury the same substantial proportion of law, in every variety of form, which the ingenuity of counsel may suggest. It is sufficient, if it is once laid down in an intelligible and unexceptionable manner. The instruction here asked and refused, was but a branch of the next preceding instruction prayed for (which covered the whole ground), and is so put by the defendant. The latter asserted, that "the fact that Morris and wife were in possession of the land before the revolution, taking the rents and profits, is not of itself any evidence for or against the validity

of the deed, because they were entitled to the possession, whether the deed was delivered or not." This instruction was given by the court; and the jury had been previously instructed that it was necessary to the validity of the deed that it should have passed into the hands of the trustees, or of some person for them, with intent that it should take effect as a conveyance. Indeed, the whole controversy between the parties turned upon the question of the delivery of the settlement deed, as the tenor of every instruction asked abundantly shows; and therefore it was necessarily implied in every step that there could be no holding or possession under the deed, if it was never delivered. It appears to us, then, that no injustice has been done to the defendant by refusing to give the instruction prayed; since, in a more general form, it had been already given.

The next objection is to the refusal of the court to instruct the jury, first, that "in the absence of any *direct evidence,* that the trustees, or any other person for them, ever had the settlement deed, *and the possession being equivocal in its character*, the fact that it came out of the hands of Morris in 1787, is sufficient of itself to rebut any presumption of a delivery arising from the proof of the deed by William Livingston, or the proof of the hand-writing and death of the subscribing witnesses;" and, "secondly, that if not sufficient of itself to destroy any presumption of a delivery, it is at least evidence against a delivery, to be considered and weighed by the jury." The court gave as a reason for refusing this second branch, that Morris was, "technically, neither grantor nor grantee, and therefore the mere possession of the deed by Morris, was no affirmative evidence either for or against the fact of delivery." This instruction has been already disposed of. The other instruction varies from that in the case of Crane v. Jackson, merely in substituting the words "direct evidence" for "all proof;" and the words "and the possession being equivocal in its character," for "and there being no proof of a holding under it." It is obnoxious to the same objection which was relied upon in that case; for it called upon the court to express an opinion upon the nature, weight and effect of the evidence before the jury, which was no part of its duty. And the whole evidence being before the jury, it was

their exclusive right to decide for themselves upon its credit and cogency.

The next objection is to the admission of an extract from the journal of the assembly of the state of New York, for the year 1787, as follows.  February 24, 1787.  " Mr Hamilton, from the committee to whom was referred the petition of Johanna Morris, on behalf of herself and the other children of Roger Morris and Mary his wife, setting forth that the said Roger and Mary had been attainted, and their estates sold, and conveyed in fee simple; that by a settlement made previous to their intermarriage, the real estate of the said Mary, was vested in Johanna Philipse and Beverley Robinson in fee to certain uses; among others, after the decease of the said Roger and Mary, to the use of such child or children as they should have between them, and their heirs and assigns, and praying a law to restore to them the remainder of the said estate in fee, reported: that if the facts stated in such petition are true, the ordinary course of law is competent to the relief of the petitioners, and that it is unnecessary for the legislature to interfere.  Resolved, that the house do concur with the committee in the said report."

It was objected, first, that the journal of the proceedings in question, was not legal or competent evidence against the defendant; and, secondly, not so without producing the petition mentioned in the journal.  But the objections were overruled, and the evidence admitted.

Now, if the evidence was admissible for any purpose, the objections were rightly overruled.  It did not appear to have been offered as proof of any of the facts stated in the petition; but simply of the public legislative proceedings, on the very claim and title now set up by the children of Morris at the early period of 1787.  There were two points of view in which the evidence might be important, in the actual posture of the case before the jury.  In the first place, it might be important to repel the notion, that the claim of the children of Morris asserted in the present suit was stale, and founded upon a dormant deed, never brought forward until a very great lapse of time after its pretended execution: a circumstance which might essentially bear upon the fact of its having ever been delivered and acted upon as a valid instrument.  In the

[Kelly v. Jackson et al.]

next place, it might add strength to the probate of the deed by Governor Livingston, as his attention could scarcely fail of being called to such public proceedings, occurring at so short a period as within two months before the time of that probate. If his attention was called to these proceedings, the circumstance, that the title was about to become a lis mota, would naturally produce an increased caution, and a more anxious desire to recall with perfect accuracy, every fact essential to the probate of the deed. It has been asserted at the bar, that these were the very objects for which the extract from the journal was offered; and we cannot say that, for such purposes, it was not properly admissible. If any improper use as evidence was attempted to be made of it, it might have easily been restrained to its appropriate use, by an application to the court. The objections, then, to its admission being general, and it being already admissible for some purposes, the decision of the court was unexceptionable.

The next objection is, that the court erred in refusing to instruct the jury that "the evidence upon the one side or the other should not be submitted to the jury as prima facie or presumptive evidence, either for or against a delivery; but the jury should consider and weigh the whole evidence together, and from the whole, determine whether or not the deed was delivered;" and in instructing the jury upon that prayer, "that the plaintiff had given prima facie evidence in support of his case, and such as was conclusive if uncontradicted; and that this must be contradicted or disproved by controlling evidence on the part of the defendant, or the plaintiff is entitled to recover." The instruction prayed for and refused is precisely the same as exists in the case of Crane v. Jackson; and it is unnecessary to do more than to refer to the opinion there given for the reasons why this court deem the refusal entirely correct. In regard to the instruction actually given, we do not perceive any solid ground upon which it can be adjudged erroneous. It was given as a response to the instruction asked by the defendant on the great hinge of the controversy, the question as to the delivery of the settlement deed. In a preceding instruction which the court had given to the jury, upon the application of the defendant himself, the probate of the deed by Governor Livingston before Judge Ho-

bart, was treated as prima facie evidence of a delivery. It was there stated that the probate was "only prima facie evidence, or evidence from which a delivery may be presumed, and may be rebutted by direct or circumstantial evidence, which raises a contrary presumption." Is it not plain, then, that, if not so rebutted, the plaintiff is entitled to recover? What is prima facie evidence of a fact? It is such as, in judgment of law, is sufficient to establish the fact; and, if not rebutted, remains sufficient for the purpose. The jury are bound to consider it in that light, unless they are invested with authority to disregard the rules of evidence, by which the liberty and estate of every citizen are guarded and supported. No judge would hesitate to set aside their verdict and grant a new trial, if, under such circumstances, without any rebutting evidence, they disregard it. It would be error on their part, which would require the remedial interposition of the court. In a legal sense, then, such prima facie evidence in the absence of all controlling evidence, or discrediting circumstances, becomes conclusive of the fact; that is, it should operate upon the minds of the jury as decisive to found their verdict as to the fact. Such we understand to be the clear principles of law on this subject. The very point in this very aspect occurred in the case of Carver v. Jackson (4 Peters's Rep. 1), where the court, speaking of the probate of this very deed, used the following language (p. 82). "We are of opinion that, under these circumstances, and according to the laws of New York, there was sufficient prima facie evidence of the due execution of the indenture, by which we mean not merely the signing and sealing, but the delivery also, to justify the court in admitting it to be read to the jury; and that in the absence of all controlling evidence, the jury would have been bound to find that it was only executed. We understand such to be the uniform construction of the laws of New York in all cases where the execution of any deed has been so proved, and has been subsequently recorded. The oath of a subscribing witness before the proper magistrate, and the subsequent registration are deemed sufficient prima facie evidence to establish its delivery as a deed. The objection was not indeed seriously pressed at the argument."

We have seen no reason, upon the present argument, to be

[Kelly v. Jackson et al.]

dissatisfied with the opinion thus expressed. It appears to us to be founded in principles of law, which cannot be shaken without undermining the great securities of titles to estates. The circuit court, in its instruction, did no more than express the same opinion in language of the same substantial import.

Upon the whole, upon a careful review of the case, we are of opinion that the judgment of the circuit court ought to be affirmed, with costs.

Mr Justice Baldwin dissented in writing.

The opinion of Mr Justice Baldwin was not delivered to the reporter.

This cause came on to be heard on the transcript of the record for the circuit court of the United States for the southern district of New York, and was argued by counsel; on consideration whereof, it is ordered and adjudged by this Court that the judgment of the said circuit court be, and the same is hereby affirmed with costs.