No. 2817.—THE STATE OF LOUISIANA *v.* ALEXANDER GRAVIOTTE.

Insanity, when pleaded in defense of a criminal act, such as homicide, must be clearly shown to have existed at the time of the commission of the act. Therefore, evidence of a witness, to show such a state of mental excitement in the accused, produced by the insulting language and threats used towards him by the deceased, his wife's paramour, at the time of the killing, is not admissible to show insanity.

APPEAL from the First District Court, parish of Orleans. *Abell,* J. *Simeon Belden,* Attorney General, for the State. *A. A. Atocha,* for defendant and appellant.

TALIAFERRO, J. The defendant, being indicted for murder, was found guilty of manslaughter, and sentenced to hard labor in the peniten-

tiary for the term of two years and six months.   He has appealed from
the judgment. ·

The plea set up in his behalf on the trial was that of insanity.   A
bill of exceptions to the ruling of the court excluding evidence offered
to sustain the plea of insanity, embraces the grounds upon which the
plea was taken.   The defendant offered to prove, by a witness intro-
duced on the part of the defense, that on the night previous to the
commission of the homicide, the witness and the accused saw improper
conduct between the wife of the latter and a man who was with her in
the house of the accused.   The character of this alleged misconduct
was sought to be elicited by a question put to the witness.   The evidence
was offered to show such a state of mental excitement in the defendant,
produced by what he had witnessed, and the insulting language used
towards him by his wife's paramour, as might become a predisposing
cause of insanity.   The evidence was objected to on the part of the
State, and rejected by the court as irrelevant and inadmissible to prove
insanity.   We think the ruling correct.   Insanity, when pleaded in
defense of a criminal act, must be clearly shown to have existed at
the time of the commission of the act.   Vague conjectures as to a
probable existence of mental aberration from supposed predisposing
causes are quite too sublimated to possess weight in the inquiry as to
the sanity or insanity of an accused party.   The counsel of the defend-
ant further asked the court to charge the jury as follows :

*First*—There is no presumption of malice in this case, if any proof
of alleviation or excuse arise out of the evidence.

*Second*—The existence of malice is not presumable in this case, if,
on any theory consistent with the evidence, the homicide was excusable.

*Third*—If, on the whole evidence presented, there is any hypothesis
consistent with the conclusion that the homicide was excusable, the
accused can not be convicted.

The fourth and fifth points are mere reiterations of the grounds upon
which the testimony was offered to show insanity, and which was
rejected by the court.

To these requirements, in their order, the judge charged the jury :

1.   That if there was alleviation or excuse, there could be no
murder; the offense would, at most, be only manslaughter.

2.   The court declined to give the charge required under this
head, because it could only do so by referring to the evidence, which it
has no right to do.

3.   The jury was charged expressly, that, if the homicide were
excusable, they must acquit.

We find no error in the charges given to the jury.   The defendant
has failed to present a case requiring this court to grant him relief.

It is therefore ordered, adjudged and decreed that the judgment of
the district court be affirmed.