## THE STATE v. FERD MORRIS, Appellant.

### Division Two, January 4, 1915.

1. **DEADLY WEAPON: Firearms.** A pistol is included in the general term "firearms" found in the statute (Sec. 4496, R. S. 1909), and is *per se* by statutory designation a deadly weapon.

2. ———: ———: **Exhibition in Rude and Angry Manner.** In a prosecution of a defendant for having exhibited a pistol in a rude, angry and threatening manner, it is immaterial whether the pistol was loaded or what defendant's intentions were in having it in his possession; it is the unlawful use of the weapon, under the conditions named in the statute, that constitutes the offense.

3. **CONTINUANCE: Insanity of Defendant.** It is not reversible error to refuse a continuance on an application alleging that a certain witness, if present, would testify as to defendant's unsound mental condition prior to the offense and the causes thereof. His mental condition at the time of the commission of the offense is the material matter to be proved, and not the cause of his insanity or the time when he became insane.

4. **EVIDENCE: Exhibiting Pistol in Threatening Manner: Statements of Prosecuting Witness.** In a prosecution of a defendant for exhibiting a deadly weapon in a rude, angry and threatening manner, testimony that, when defendant, armed with a loaded pistol, sought out the prosecuting witness for the purpose of collecting a debt, said witness, in reply to a demand for the money, said "you are a young man and don't need it; I am an old man and do need it," if admitted, would have constituted no defense, and no error was committed in excluding it.

5. ———: ———: **Insanity: Opinion of Lay Witnesses.** Opinions of lay witnesses as to defendant's mental condition for three years prior to the commission of the offense and the evening thereafter, with no statement of facts upon which to base them, and no attempt to show any facts which of themselves indicate his mental condition, should be excluded.

6. ———: ———: ———: **Cured by Testimony of Expert.** Even if it were error to refuse to permit defendant's mother to testify concerning the effect upon defendant's mental condition of a drug called "habitina," any injustice done him thereby was cured by the testimony of a physician as to the effect on the human system of such drug.

7. ———: ———: **Intention to Bluff Victim.**  Testimony of defendant that he carried and brandished the pistol for the purpose of bluffing and intimidating the prosecuting witness, constitutes no defense.  His covert intentions will not avail; the exhibition of a deadly weapon in a rude, angry and threatening manner is the offense.

8. **INSTRUCTION: Exhibiting Pistol in Threatening Manner: Defective Weapon.**  It is not error, on the trial of a defendant charged with having exhibited a pistol in a rude, angry and threatening manner, to refuse to instruct the jury that if the pistol pointed at the prosecuting witness was defective and would not shoot, defendant should be acquitted; nor should they be instructed that if the pistol could not be shot it was not a dangerous or deadly weapon.  Proof that the pistol possessed the appearance and characteristics of a pistol authorizes the jury to classify it as a "firearm," which is expressly declared in the statute to be a deadly weapon, and its display constitutes the offense.

9. ———: ———: **Insanity: Induced by Anger.**  An instruction telling the jury that "excitement, passion and angered feelings or revenge produced by motives of anger, hatred, disappointment or revenge is not insanity," is not erroneous, either as telling them what does not constitute insanity, or as assuming the truth of an issuable fact.

10. ———: ———: ———: **Induced by Use of Drug.**  An instruction telling the jury that "if you believe and find from the evidence that the defendant at the time of the act mentioned in evidence was laboring under a fit of temporary insanity, which was then and there the result of the immediate use of a drug called 'habitina,' then there is no mitigation or excuse for the act charged to have been committed in this case.  But if the evidence shows that the defendant was insane as heretofore explained, the fact that it might have been caused by taking morphine will not make him criminally liable, and if you believe he was insane at the time the act was committed, as insanity is explained in the instructions, it would be your duty to acquit the defendant," is not erroneous.  Moreover, because of the paucity of the evidence on the question of defendant's insanity in this case, it is doubtful whether any instruction on the subject was required, but the trial court, out of abundant caution, was justified in giving it.

11. **JURY: Voir Dire Examination.**  It will not be held that the prosecuting attorney made prejudicial remarks in the *voir dire* examination of the jury where such examination is not preserved in the bill of exceptions.

12. **VERDICT: Modified by Court.**  A verdict reading, "We the jury find the defendant Ferd Morris guilty of exhibiting a pistol

as charged in the second count, and assess his punishment at two years in the penitentiary," was sufficient to support a judgment; and if the court modified it by inserting the words "in a rude, angry and threatening manner" after the word "pistol," the modification was only one of form, and defendant was not prejudiced thereby.

13. MOTION TO ELECT: At Close of Evidence. Where the information was in two counts, one charging a felonious assault, and the other with exhibiting a pistol in a rude, angry and threatening manner, the charges in each count being based on the same facts, failure to require the State to elect upon which count it would stand, on motion made at the close of the evidence, is not prejudicial error, where the jury found defendant guilty under the second count only.

Appeal from Pemiscot Circuit Court—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*Ward & Collins* for appellant.

(1) The court erred in overruling defendant's application for a reasonable postponement or continuance of this cause on account of the absent witness, Pete Meatte, and over the exceptions of the defendant at the time. Nichols v. Grocery Co., 66 Mo. App. 323; Barnum v. Adams, 31 Mo. 534; State v. Lewis, 9 Mo. App. 321; State v. Anderson, 96 Mo. 241; McLane v. Harris, 1 Mo. 700; State v. Warden, 96 Mo. 648; Green v. State, 110 S. W. 929; State v. Hesterly, 182 Mo. 32. (2) The court erred in admitting incompetent, irrelevant and immaterial testimony on behalf of the State, and in rejecting competent, relevant and material testimony offered by the appellant. (a) A lay witness is competent to give evidence as to the weakness of mind of an accused person. Even insanity can be established by such witnesses. State v. Clinger, 46 Mo. 224; Crow v. Peters, 63 Mo. 429; State v. Erb, 74 Mo. 199; Turner v. Railroad, 23 Mo. App. 13; State v. Williamson, 106 Mo. 162; Sharp v. Railroad, 114 Mo.

94; State v. Schaefer, 56 Mo. App. 496; Moore v. Moore, 67 Mo. 192; Appleby v. Brock, 76 Mo. 414; State v. Bryant, 93 Mo. 273; State v. Porter, 213 Mo. 43. (b) When insanity is invoked as a defense in a criminal prosecution great latitude should be allowed in the investigation of that subject. State v. Porter, 213 Mo. 64. (c) It was clearly competent for defendant to show why and for what purpose he had the pistol on the occasion of the trouble, and also to show for what reason, before procuring the pistol, he requested H. Thompson to accompany him to the prosecuting witness. State v. Carter, 168 S. W. 679. The trial court committed error in not allowing defendant to show by divers witnesses his actions and conduct immediately after the alleged assault. It was competent as bearing on the defense of insanity. State v. Porter, 213 Mo. 43. (3) Instruction 8 is not authorized by the evidence; it tells the jury that the defendant did exhibit the pistol and did make the assault without leaving these facts to be found by the jury. There is no evidence in this case that the defendant's feelings were angered or that he was seeking revenge or that his acts were prompted by motives of hatred, disappointment or revenge. Hence, there was no evidence on which to base this instruction; it only served to advise the jury that the doings and conduct of the defendant grew out of excitement, passion, angered feelings, hatred and revenge and that this was not insanity. In other words, this instruction is tantamount to telling the jury that there is no question of sanity in the case, but that all of defendant's conduct was produced by motives of anger, hatred, revenge, etc. There being no evidence on which to base this instruction, it should not have been given. McAtee v. Vanlandingham, 75 Mo. App. 45; Kiethley v. Southworth, 75 Mo. App. 442; Plummer v. Miland, 79 Mo. App. 439; Wasson v. McCook, 70 Mo. App. 393. (4) Instruction 9 given by the court is clearly erroneous. The undisputed evi-

dence shows that the defendant used this drug upon the advice of others in the hope of curing himself of the awful morphine habit. Therefore, his mental derangement by the use of this drug cannot be said to be voluntary on his part. State v. Porter, 213 Mo. 43; State v. Huttig, 21 Mo. 464. (5) The court erred in refusing instructions numbered 1 and 2 offered by the appellant. The pistol that the defendant had was used in the assault merely by presenting it. Now, was it a dangerous weapon? 2 Words & Phrases, p. 1828; United States v. Small, 27 Fed. Cas. 1128. A loaded gun that cannot be discharged is no more dangerous than an unloaded gun. State v. Godfrey, 17 Ore. 300; State v. Lynch, 82 Me. 195. (6) The prosecuting attorney, in the very outset of this case, in qualifying the jury on its *voir dire,* stated to the jury that the defendant had previously been tried for other alleged crimes, which tended to prejudice the jury against the defendant at the very outset and was gross miscondut on his part, and the jury should have been then and there dismissed as per defendant's request. Ensor v. Smith, 57 Mo. App. 584. (7) This case was closed by counsel for the State telling the jury that this was a "made-up and manufactured defense," and telling the jury what the Supreme Court of this State had said, and by telling the jury that defendant's defense of insanity was a confession of his guilt. This manner of trying an accused should not be tolerated in courts of justice in a civilized Nation. Such conduct was improper and is reversible error. State v. Kyle, 168 S. W. 681; Beck v. Railroad, 129 Mo. App. 7; Nichols & Shepard Co. v. Metzger, 43 Mo. App. 607; Evans v. Trenton, 112 Mo. 390; Fathmann v. Tumulty, 34 Mo. App. 236; Haynes v. Trenton, 108 Mo. 123; McArthur v. Railroad, 123 Mo. App. 503. The prosecuting attorney went far beyond the limits of proper argument in asserting to the jury that the plea of insanity was a plea of confession. "A defense of insan-

ity is not a plea of confession." State v. Porter, 213 Mo 43; Dean v. Chandler, 44 Mo. App. 338. (8) The court erred in modifying and changing the verdict of the jury by adding to it after the verdict had been returned the following words: "Exhibiting a pistol in a rude, angry and threatening manner." It cannot be said that the verdict as returned by the jury was merely informal. The verdict as returned by the jury was substantially defective in omitting to find the material issue, and such finding should have been the separate and independent finding of each of the twelve jurors. Henly v. Arbucle, 13 Mo. 209; State v. Steptoe, 1 Mo. 19; State v. Boyd, 196 Mo. 61. (9) The court erred in not compelling and requiring the State to elect at the close of all the evidence on which count it would stand. State v. Carrigan, 210 Mo. 351; State v. Duvenick, 237 Mo. 185; State v. Jackson, 17 Mo. 544; State v. Richmond, 186 Mo. 80.

*John T. Barker,* Attorney-General, and *Thomas J. Higgs,* Assistant Attorney-General, for the State.

(1) The verdict as returned by the jury finds the defendant guilty of exhibiting a pistol in a rude, angry and threatening manner as charged in the second count and assessed the punishment at two years in the penitentiary. Verdict is specific and certain and sufficiently indicates the count of the information under which the defendant was found guilty. (2) The court did not commit error in overruling appellant's application for continuance on account of the absence of witness, Pete Meatte. (3) It was immaterial where the appellant obtained the pistol that he is charged with having exhibited and it is immaterial whether or not the pistol could have been discharged, or whether or not the pistol was loaded. Sec. 4496, R. S. 1909, does not provide that it is unlawful to exhibit a loaded weapon, but provides that it is unlawful to exhibit

firearms of any kind in a rude, angry, threatening manner in the presence of one or more persons. (4) A lay witness, under the decisions of this court cannot state an opinion as to insanity without first having testified to the peculiar exclamations and actions upon which the opinion was based. In the application for continuance the appellant did not aver that the absent witness would testify to any such exclamations or actions. State v. Bell, 212 Mo. 111; State v. Speyer, 194 Mo. 459; State v. Bronstine, 147 Mo. 520; State v. Williamson, 106 Mo. 162. (5) The bill of exceptions does not show that exception was saved to the action of the court for refusal to sustain the application for continuance. State v. Miles, 253 Mo. 436; State v. Prather, 136 Mo. 25. (6). The court did not commit error in admitting incompetent, irrelevant and immaterial testimony on the part of the State, and relevant and material testimony offered by the appellant. The original question as asked would call for the opinion of a lay witness concerning the mental condition and notwithstanding the cases cited by the appellant it is improper to call for the opinion of a lay witness upon the question of insanity under the rules of this court, unless said lay witness shall first testify to exclamations and actions on the part of such insane person upon which the opinion of the witness is founded. State v. Williamson, 106 Mo. 162; Sharp v. Railroad, 114 Mo. 92; State v. Speyer, 194 Mo. 468. (7) The court did not err in refusing instructions 1 and 2, offered by appellant. The pistol was a firearm and its condition was immaterial. State v. Larkin, 24 Mo. App. 410; State v. Sebastian, 81 Mo. 514. These cases sustained the proposition that an unloaded pistol is a deadly weapon. (8) Neither the record nor the bill of exceptions shows that there was any improper conduct on the part of the prosecuting attorney's examination of the jury on the *voir dire*. The examination of the jury on *voir dire* does not appear and therefore is not

before this court for review. In every instance where it is charged that the prosecuting attorney made prejudicial remarks before the jury no exceptions were saved by the appellant. State v. Cartrell, 174 Mo. 484; State v. McMullin, 170 Mo. 333; State v. Wright, 141 Mo. 333; State v. Hack, 118 Mo. 92; State v. Gibbs, 10 Mont. 213; Dunlap v. U. S., 165 Mo. 486; People v. Benham, 160 N. Y. 402. (9) It is perfectly proper for the court to put in proper form a defective verdict with the consent of the jury. Kelley's Criminal Law and Procedure (3 Ed.), sec. 410; Henly v. Arbucle, 13 Mo. 209; State v. Stepoe, 65 Mo. 640; State v. Chumley, 67 Mo. 41; State v. McAfee, 214 Mo. 284; Kreibohm v. Yancey, 154 Mo. 67; Buttron v. Bridell, 228 Mo. 622; Hartman v. Railroad, 48 Mo. App. 619. (10) The court did not commit error in failing to require the State to elect, at the close of all the evidence, on which count it would stand. It has been frequently held in this court that the State would not have to elect as to which count was relied upon when there was more than one count in the information, even at the close of all the evidence, when the charges were based upon the same facts. State v. Duvenick, 237 Mo. 193; State v. Sharpless, 212 Mo. 203; State v. Carrigan, 210 Mo. 351; State v. Schmidt, 137 Mo. 266; State v. House, 109 Mo. 654; State v. Pratt, 98 Mo. 482.

WALKER, P. J.—Appellant was charged in an information in two counts: the first, a felonious assault; and, second, exhibiting a pistol in a rude, angry and threatening manner. Upon a trial he was convicted under the second count, which was drawn upon section 4496, Revised Statutes 1909, sentenced to two years' imprisonment in the penitentiary, appealed to this court, gave the required bail bond, and was granted a *supersedeas.*

Appellant urges as grounds for reversal (1) the refusal of his application for continuance; (2) errors

in the exclusion of proper and admission of improper testimony; (3) refusal to give proper and the giving of erroneous instructions; (4) improper *voir dire* examination of jurors; (5) prejudicial remarks of the prosecuting attorney in his argument to the jury; (6) modification of the verdict; and (7) refusing to require the State to elect at the close of the testimony upon which count it would stand.

I.   The trial court was authorized in overruling appellant's motion for a continuance on account of the absence of the witness Meatte. The testimony it was alleged this witness would give was irrelevant and immaterial. A pistol is *per se* by statutory designation (Sec. 4496, supra) a deadly weapon, it being included in the general term "firearms," and its exhibition in the manner charged constituted the offense defined by the statute. The offenses being kindred in their nature, the construction placed on the statute prohibiting the carrying of concealed weapons is applicable to the offense of displaying them in a rude, angry and threatening manner. In prosecutions under the first offense named, the question as to whether or not a pistol was loaded and what defendant's intentions were in having it in his possession are immaterial (Ridenour v. State, 65 Ind. 411; Gamblin v. State, 45 Miss. 658). The same rule is applicable to prosecutions under the second offense, or that under review; for, it is held to be no defense that the weapon brandished or unlawfully displayed was not in an efficient condition, for example, where a pistol was in such a state that it could not be discharged (Williams v. State, 61 Ga. 417).

To further illustrate the fact that it is the unlawful use of the weapon under the conditions named in the statute, which constitutes the offense, it is held in another jurisdiction that if the weapon is within the class against which the prohibition is directed, although

**Continuance.**

it may be shown that it is temporarily or permanently disabled, if it retains the appearance and characteristics of (for example) a pistol, it is none the less a firearm within the meaning of the statute. [Atwood v. State, 53 Ala. 508.] In a later case which affirmed the Atwood case, supra, the Supreme Court of Alabama sustained a charge for carrying concealed weapons, although it was shown that the pistol charged to have been carried had the handle and mainspring broken, and that it could not be discharged in the ordinary way. [Redus v. State, 82 Ala. 53.] So in West Virginia it was held that although a revolver carried concealed on the person would not explode a cartridge, the offense was nevertheless held to be made out by proving the carrying and concealment. [State v. Tapit, 52 W. Va. 473.] And in Massachusetts, under a charge for unlawfully carrying firearms, a Springfield rifle which had been so altered that it would not discharge a missile with gunpowder or other explosive, was held to be a firearm within the prohibition of the statute sufficient to justify a finding of guilty. [Comm. v. Murphy, 166 Mass. 171.]

The application for a continuance also alleged that if present the witness would testify as to appellant's unsound mental condition prior to the offense and the causes thereof.

The testimony as to appellant's mental condition at the time of the commission of the offense did not depend for its relevancy or probative force on the causes which may have brought it about. Great latitude is allowed in proving the mental condition of an accused when irresponsibility for the act charged is interposed as a defense. But appellant's mental condition at the time of the commission of the offense was the material matter to be proved, and not the cause of his insanity or the time when he became insane (State v. Porter, 213 Mo. 43, 57; State v. Hays, 22 La. Ann.

39). The application for a continuance did not, therefore, disclose any relevant or material facts, the proof of which was denied appellant by the rulings of the court, and having suffered no prejudice he will not be heard to complain.

II.  We have carefully reviewed the record to ascertain if prejudicial error was committed in the **Testimony.** trial court's rulings upon the admission and exclusion of testimony.

The appellant, armed with a loaded pistol, sought the presence of the prosecuting witness to collect a debt. That they engaged in a wordy wrangle he admits, and alleges error in the trial court's refusal to permit him to prove that the prosecuting witness said in reply to a demand for the money claimed by appellant to be due him: "You" (appellant) "are a young man and don't need it; I am an old man and do need it." This statement if admitted would have constituted no defense to the charge preferred against the appellant, and the contention in that regard is to our mind as spun gossamer.

It is also contended that error was committed in excluding testimony as to appellant's mental condition ————: Insanity for three years preceding the com-of Defendant. mission of the offense and the evening thereafter. This character of testimony, as has been clearly held by this court in State v. Porter, supra, is not admissible, the relevant fact being the mental condition of the appellant at the time the offense was charged to have been committed. [Louisiana v. Graviotte, 22 La. Ann. 587.] This phase of the testimony we have discussed in disposing of the motion for a continuance.

The appellant contends that the court committed error in not permitting his mother to testify concerning the effect upon appellant of a drug called "habitina." As we have before stated generally in regard to

testimony as to the mental condition of the appellant
before the commission of the offense, the testimony of-
fered was not material, and if material it called for a
conclusion on the part of the witness. Conclusions on
the part of lay witnesses as to what is necessary to
constitute insanity are not proper when not supported
by testimony as to the observations made by the wit-
ness leading up to the conclusions. [State v. Speyer,
194 Mo. 459; State v. Erb, 74 Mo. 199, 205.]

The witness, Dr. Troutman, who was an expert,
was permitted later to testify generally as to the ef-
fect of the drug named, upon the human system; if,
therefore, error had been committed in the exclusion of
the testimony of lay witnesses on this subject, it was
not only rectified but strengthened by the testimony
of an expert and no substantial injustice was done to
appellant. In all of this excluded testimony in regard
to the appellant's mental condition, none of the wit-
nesses were asked to testify as to their knowledge of
the general character and conduct of the appellant up-
on which to base the conclusions they were asked to
render. This manner of introducing testimony in re-
gard to this particular subject is improper, and only
facts should have been introduced in evidence which
would have a tendency to show the manner in which
the mind of the appellant was affected. The inquiries
made by counsel for the appellant simply called for
the opinions of lay witnesses without any preliminary
or explanatory testimony as to the facts within their
knowledge which would support such conclusions. This
was error. [Choice v. State, 31 Ga. 424.]

Appellant sought to prove, and did seek to tes-
tify, that he carried the pistol and brandished it when
he met the prosecuting witness only for the purpose
of "bluffing" or intimidating the lat-
ter. If this testimony had been admit-
ted it would have constituted no de-
fense to the crime charged, but would have simply

——: Covert
Intention.

been a self-serving declaration. By the appellant's own admission, and all the facts and circumstances in the case, the conclusion follows that the appellant did intend to exhibit the pistol and did exhibit it in a threatening manner. His offense is determined by what he did and his covert intention will avail him nothing as a defense, and evidence in regard thereto was properly excluded.

Upon the whole we do not find any error either in the admission or exclusion of testimony to justify a reversal of this case.

III. Appellant contends that the trial court committed error in refusing to give instructions numbered one and two, offered by appellant. Instruction number one authorized an acquittal if the jury found that the pistol pointed at the prosecuting witness by defendant was defective and would not shoot. We have discussed the inadmissibility of testimony sought to be introduced to prove the inefficiency of the pistol as a defense, and have held that it was properly excluded. It follows, therefore, that the refusal of an instruction based upon the same fact is not error. Instruction number two supplemented instruction number one and declared if the jury found that the pistol could not be shot it was not a dangerous and deadly weapon, and defendant should be acquitted.

It was not necessary to prove that the pistol was a dangerous and deadly weapon. Proof that it possessed the appearance and characteristics of a pistol, which defendant not only admitted it to be, but that it was loaded, authorized the jury to classify it as a "firearm," which is expressly declared in the statute to be a deadly weapon; its display, therefore, as such within the meaning of the statute (Sec. 4496, supra) constituted the offense and it was not material whether

it could be discharged or not. The instruction, therefore, was properly refused.

Appellant complains of the giving by the trial court of instruction number seven, in these words: "The jury are further instructed that excitement, passion and angered feelings or revenge ————: Insanity. produced by motives of anger, hatred, disappointment or revenge is not insanity. And that the law holds the wrongdoer of an act under such conditions responsible for his acts, and the jury have no right to excuse or in anywise justify or mitigate defendant's act in exhibiting the pistol or making the assault except you can do so under and according to law as declared in these instructions."

The instruction is not objectionable in that it assumes the truth of an issuable fact as contended by the appellant. If this were true it would render the instruction erroneous. [State v. Miller, 111 Mo. l. c. 551.] What the instruction does do is to tell the jury, when read in connection with the other instructions, what constitutes insanity as a defense to crime, or when limited to its own terms what does not constitute such insanity. This is not error, as numerous authorities attest. In Lynch v. Comm., 177 Pa. St. 205, the court thus declared the law: "But the jury must not confound anger or wrath with actual insanity, because however absurdly or unreasonably a man may act when exceedingly angry, either with or without cause, if his reason is not actually dethroned it is no legal excuse for the violation of the law." In Guetig v. State (66 Ind. 94, 32 Am. Rep. 99), the court gave an instruction approved on appeal, that "Frenzy arising solely from the passions of anger and jealousy, no matter how furious, is not insanity." In Willis v. People, 32 N. Y. 715, the court instructed the jury that an irritable temper and an excitable disposition of mind did not constitute insanity. In Comm. v. Farkin (Penn.), 2 Pars. 439, 2 Clark, 208, the court declared

that in passing upon the question of the insanity of the accused, they "must discriminate between anger, rage, malice, love of gain and the insanity produced by the visitation of God. If you believe that any of the former were the motives which influenced the conduct of the accused and prompted the deed, then he is responsible and should be convicted." Instruction number seven was in accord with the doctrine announced in the foregoing cases, and was not erroneously given.

Appellant contends that instruction numbered eight does not correctly declare the law. It is as follows: "The court instructs the jury

**Use of Drug.** that if you believe and find from the evidence that the defendant at the time of the act mentioned in evidence was laboring under a fit of temporary insanity which was then and there the result of the immediate use of a drug called 'habitina,' then in such case there is no mitigation or excuse for the act charged to have been committed in this case. But if the evidence shows that the defendant was insane as heretofore explained, the fact that it might have been caused by taking morphine will not make him criminally liable, and if you believe he was insane at the time the alleged act was committed, as insanity is explained in the instructions, it would be your duty to acquit the defendant."

The rule announced in the above instruction was learnedly reviewed by WAGNER, J., in State v. Hundley, 46 Mo. 414, with the result that an instruction similar in all of its material features was held to have been properly given. A like instruction was approved in State v. Miller, 93 Mo. l. c. 275. It might be urged that the instruction should not have been given in the instant case because of the paucity of testimony as to the appellant's insanity. The testimony in this regard was confined almost wholly to vague statements of lay witnesses as to their conclusion in regard to appel-

lant's mental condition at periods prior to the commission of the offense, unsupported by any facts upon which the conclusions were based. The only witness offered as an expert was Dr. Troutman, who repeatedly stated that he did not know what the mental condition of the appellant was at the time of the commission of the offense. The entire evidence in this regard is to be gathered by implication from the testimony of the appellant. In view of his connected and lucid statement in regard to every phase of the offense his defense of insanity was of little weight. This, however, was a matter under the instructions of the court, for the determination of the jury, State v. Barker, 216 Mo. 532, and despite the lack of testimony, out of the abundance of caution the court fully instructed them in regard to same. Upon this theory of the case, most favorable to the appellant, the court gave the instruction, numbered 8, complained of, and, as it correctly declares the law, it is not error.

IV.   The contention that the prosecuting attorney made prejudicial remarks in the *voir dire* examination of the jury cannot be considered, because such examination is not preserved in the bill of exceptions. It is attempted at the close of the bill to preserve a number of exceptions in reference to different alleged errors occurring during the trial and among others this appears: "Mr. Collins: I object to the prosecuting attorney stating in his closing argument that the plea of insanity is a plea of confession, because that's not the law." No exceptions are saved to this objection, and if it be held, which we do not, that the errors occurring during the trial can thus be compiled thereafter and inserted *seriatim* at the close of the bill, regardless of the time of their occurrence or the circumstances surrounding them, this objection could not be

*Voir Dire Examination of Jurors.*

considered because, as we have stated, it is not preserved.

V. Appellant contends that the verdict as returned was fatally defective in omitting therefrom the words "exhibiting a pistol in a rude, angry and threatening manner." If the record sustained this contention, which it does not, and the error complained of had been properly preserved for our consideration, we would be required to consider the correctness of the verdict in this form: "We the jury find the defendant Ferd Morris guilty of exhibiting a pistol as charged in the second count, and assess his punishment at two years in the penitentiary." In State v. Chumley, 67 Mo. l. c. 45, where felonious assault was charged, the jury returned a verdict finding defendant "guilty on the second count in the manner and form as therein set forth," and assessed the punishment at a fine and imprisonment. At the suggestion of the prosecuting attorney the verdict was modified in form when returned into court, by the insertion of the words "with intent to kill" after the word "guilty" and before the word "on," and this court held that the words inserted did not prejudice the accused under the rule that if a verdict be informal or improper the court may put it in proper form, in the presence of the jury, and if they assent to it, there will be no error. [Kreibohm v. Yancey, 154 Mo. 67.] In the case at bar it is contended that the words claimed to have been omitted were inserted by the court upon the jury returning the verdict, and was unauthorized. If the error complained of had been properly preserved, it is devoid of merit. The modification went simply to the form of the verdict, which was sufficient to support a judgment as rendered, and appellant was not thereby prejudiced.

VI. The trial court did not err in refusing to require the State to elect upon which count it would stand at the close of the evidence.

The charges in each count were based on the same facts and the appellant was only convicted upon the second count. There is, therefore, no ground of complaint on account of the action of the court upon the first count. [State v. Sharpless, 212 Mo. l. c. 203; State v. Duvenick, 237 Mo. l. c. 193.] In the absence of prejudicial error this judgment should be affirmed, and it is so ordered. *Brown, J.,* concurs; *Faris, J.,* not sitting.