### HUBERT EARLES V. THE STATE.

No. 17615.    Delivered June 12, 1935.

The opinion states the case.

*Parker & Parker,* of Comanche, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of rape, and his punishment was assessed at confinement in the state penitentiary for a term of 5 years.

The testimony shows that on or about the 24th day of June, 1934, the appellant had an act of sexual intercourse with prosecutrix by force and without her consent. The prosecutrix at the time of the offense was 14 years of age. In support of the prosecutrix's testimony the State offered in evidence appellant's voluntary confession. The appellant interposed a plea of insanity and supported the same by testimony of lay witnesses.

In rebuttal of this testimony the State, among other things, introduced a judgment of the same court which showed to have been rendered upon a trial prior to the day of the trial of this case wherein upon the trial of the issue of appellant's present insanity he was adjudged sane, to the introduction of which the appellant objected because said judgment was upon the issue of present insanity, that it was immaterial to the issue of insanity at the time of the offense and was prejudicial. It appears from the record that on the day prior to the trial an affidavit was filed charging the appellant with being a person of unsound mind and demanding a trial on that issue. The court promptly ordered a trial to determine the issue of insanity prior to the trial of the appellant on the charge of rape. The jury returned a verdict finding the appellant sane and judgment was entered accordingly. The appellant's contention is that the judgment of sanity entered on the day prior to his trial on the charge of rape was not admissible and was immaterial on the question of his insanity at the time of the commission of the offense, which occurred some six months prior to the trial.

It seems to be the well settled rule in this state as well as in other jurisdictions that when the question of a person's insanity is under investigation that all acts, conduct and statements prior to the commission of an offense, as well as at the time of and subsequent thereto, are admissible circumstances to be taken into consideration by the jury in determining the appellant's state of mind at the time of the commission of the alleged offense. In the case of Kellum v. State, 91 Texas Crim. Rep., 272, the court permitted the introduction in evidence of a judgment of the county court which was rendered a little over

two months prior to the date of the alleged robbery upon which trial the jury declined to find the accused of unsound mind. The admission of this judgment was objected to by the appellant. This court, in passing upon the admissibility of the judgment, said: "We have concluded from the search made by us that the introduction of such judgment by the State was not erroneous. Mr. Wigmore in his work on Evidence, p. 2076, makes the following statement: 'There is not, therefore, and never has been, any doubt as to the admissibility of an inquisition of lunacy in any litigation whatever to prove the person's mental condition at the time. The only controversy has been whether it is conclusive, that is, whether it is to be regarded as a judicial proceeding and a judgment in rem binding upon all persons whatsoever. There also arises for it the question whether the person's mental condition at the time of the inquisition is evidence of his condition at the time in issue, but this is merely a question of relevancy of the fact evidenced by the inquisition and not of the admissibility of the inquisition.' The effect of such judgment would be a question for the jury upon the instant trial and such effect should be limited to that of a circumstance affecting the issue of insanity if so requested by the accused. The burden is upon the accused who pleads insanity to establish such plea to the satisfaction of the jury and in many cases it has been held that he must establish such defense by a preponderance of the testimony, and the books contain many forms of charges on this issue which have been approved by the appellate courts."

The record fails to show that the appellant objected to the court's charge in failing to limit the evidence to a circumstance affecting the issue of sanity, and in the absence of any objection to the court's charge pointing out the omission, or a bill of exception to the action of the trial court in failing to so limit the evidence complained of, no reversible error is shown.

Therefore, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.