## THE STATE v. CARL RILES, Appellant.

### Division Two, June 3, 1918.

1. **CARRYING PISTOL: When Intoxicated: Sufficiency of Evidence: Evasive Witnesses.** The evidence in this case, detailed by evasive, equivocating and shuffling witnesses for the State, is reviewed, and *held* sufficient to sustain a conviction of defendant of the charge of having in his possession when intoxicated a dangerous and deadly weapon.

2. ———: ———: **Necessity of Showing Pistol Was Loaded.** In the trial of a defendant upon the charge of having in his possession when intoxicated a dangerous and deadly weapon, it is not necessary for the State to show that the pistol or firearm, carried concealed, or carried while accused is intoxicated, or exhibited by him in a rude, angry and threatening manner, is loaded, in order to make out a prima-facie case; and where the evidence shows that defendant, while drunk or drinking, entered a store, threw down a pistol on the counter, together with some cartridges, and called for soda, and there is no countervailing testimony, the giving of an instruction telling the jury that it is not material to constitute the offense charged whether the proof showed the pistol to have been loaded or not is not error.

3. **EVIDENCE: Exhibiting to Witness Grand Jury Testimony.** Where the attitude of the State's witnesses is hostile or evasive, and warrants a refreshing of their memories, it is within the sound discretion of the trial court to permit the prosecuting attorney to exhibit to them copies of their testimony before the grand jury, for the purpose of refreshing their memories.

4. **ARGUMENT: Remarks of Prosecuting Attorney.** Language of the prosecuting attorney in his argument to the jury 'that but follows the relevant and competent testimony of the witnesses, or draws from such testimony such inferences as are fairly deducible therefrom, is not improper.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*J. S. Gossom* for appellant.

*Frank W. McAllister,* Attorney-General, and *C. P. Le Mire,* Assistant Attorney-General, for respondent.

(1) The evidence was sufficient to sustain the verdict and this court has held that such verdict will not be disturbed. State v. Maurer, 255 Mo. 168; State v. Barton, 214 Mo. 321; State v. Chenault, 212 Mo. 137. (2) A pistol is a firearm within the meaning of the statute, even though same may be unloaded. But, under the evidence in this case, even though the aforesaid statement were not true, still the appellant would be guilty for the reason that it is shown conclusively that the appellant had cartridges for said pistol in his possession and placed said pistol, together with cartridges therefor, on the counter before him upon entering the store in question. State v. Morris, 263 Mo. 351; State v. Sebastian, 81 Mo. 514; State v. Larkin, 24 Mo. App. 410; Redus v. State, 82 Ala. 53; State v. Tapit, 52 W. Va. 473; Commonwealth v. Murphy, 166 Mass. 171. (3) It is a well-settled rule of law that the memory of a witness may be refreshed by the use of written instruments, memoranda, or book entries. Hence there can be no reason why a witness may not be permitted to refresh his memory from the transcript of his former testimony. But even if this were not true the appellant was not prejudiced in this case, for the reason that none of the answers contained in the notes shown the witness, were read to the jury or introduced in evidence

in any manner whatsoever. State v. Miller, 234 Mo. 597; State v. Kennedy, 154 Mo. 268; State v. Mathews, 88 Mo. 125; Kelley's Crim. Law & Prac., sec. 373. (4) The remarks of the prosecuting attorney were not sufficiently offensive to require a rebuke, hence there was no reversible error here. State v. McMullin, 170 Mo. 682; State v. Rasco, 239 Mo. 580; State v. Wana, 245 Mo. 562.

FARIS, J.—Defendant was convicted in the circuit court of Pemiscot County upon the charge of having in his possession when intoxicated a dangerous and deadly weapon. He was prosecuted by indictment, which indictment, in addition to the count charging him as above, also in the first count thereof charged him with carrying a concealed weapon. He was convicted on the second count only, and his punishment assessed at a fine of one hundred dollars. From this conviction and the judgment bottomed thereon, he has appealed.

Since one of the most serious and strenuous contentions urged is that there was not sufficient evidence to sustain this conviction, and since in connection with this point, we find ourselves compelled to discuss the evidence in the opinion, it will not be necessary to burden the case with a lengthy statement of the facts. Suffice it to say that the testimony on the part of the State, which was all the testimony offered in the case, tends to show that upon a day in November, 1916, defendant, while intoxicated, came into a store of one Damon, in the village of Hayward, in said county, and walking up to a counter therein, threw down a pistol, together with some cartridges. One Cullen Downing, a bystander, who was a witness in the case, immediately siezed this pistol, and took it away from defendant's vicinage. Considerable excitement ensued, and defendant, after repeatedly calling for this pistol, had it returned to him. A number of the witnesses, whose testimony is more at length referred to in the below opinion, testified to the above facts, as well as

to the fact that defendant upon the occasion seemed to be drinking, or drunk.

At the close of the testimony for the State, defendant interposed thereto a verbal demurrer to its sufficiency; which demurrer being overruled the case went to the jury without any countervailing testimony whatever on the part of the defendant.

All further facts which are necessary to make clear the contentions which we find ourselves compelled to discuss, will be adverted to in the subjoined opinion.

I. Defendant is not represented in this court by counsel; so, as in duty bound, we have ourselves carefully examined the record for error. [Sec. 5312, R. S. 1909.]

The only points urged in the motion for a new trial which when examined in the light of the record seem to present debatable questions of law are: (a) Was there sufficient evidence adduced to take the case to the jury; (b) was it error to instruct the jury that the offense charged was made out, although there was no direct proof that the pistol was loaded; (c) was it error to exhibit to the witnesses for the State for the purpose of refreshing their memories, copies of their testimony before the grand jury, and (d) were the remarks of counsel for the State so hurtful as to constitute reversible error?

*Imprimis*, we may observe that the witnesses for the State (none was offered by the defendant) exhibited a strange and puzzling reluctance to testify and to answer frankly and categorically the questions propounded to them. They were without exception equivocating, evasive and shuffling. Yet, we are of the opinion that they stated facts sufficient to take the case to the jury. The issues were but two: (1) Did defendant have in his hands or on his person a pistol, and (2) was he intoxicated at the time he thus had this pistol?

Upon the first point one Henry Burgess swore that defendant "put the thing up on the counter." Being

asked whether he had this object in his hand the witness Burgess answered that he did, and *Sufficiency of Evidence.* being further asked if it was a pistol, he answered, "I think it was." Again, being asked this question: "Now, did you see the pistol lying on the counter?" he answered, "Yes sir," and continuing said that there were also cartridges on the counter. This witness also said he thought defendant was drunk at the time. On cross-examination this witness said that the object in question "looked like a real pistol" to him.

One Cullen Downing, swore that he saw a pistol on the counter near where defendant was standing, but he never saw defendant put the pistol there. Another witness said: "I saw Mr. Carl Riles come in; of course he was drinking some. He walked up to the counter and I think he called for soda or something and at the same time he throwed down something what I thought to the best of my knowledge at that time, his pistol and some shells, a handful of shells, four or five, and Mr. Cull Downing grabbed it up and went off and stayed four or five minutes and Mr. Riles was calling for his gun, wanted to know what came of it, and finally Mr. Downing brought it back and gave it to him." This witness also said that defendant appeared to be drinking.

Throughout the case the object drawn by defendant from his pocket and which he threw upon the counter was referred to by the questions as a pistol, and the witnesses answered without raising any question or doubt that it was a pistol. The shuffling reluctance of the witnesses to testify frankly gives some color to the question now raised, seemingly, as a sort of after-thought, whether the object which defendant had was in fact a pistol. Other excerpts might be set down, but these would but serve to lengthen the opinion. We conclude the evidence was sufficient to take the case to the jury and to sustain the conviction upon the second count of the information.

II. The court instructed the jury substantially that it was not material to constitute the offense charged whether the proof showed the pistol to have been loaded or not. We have no doubt of the correctness of this proposition, in a case such as this, wherein there is no countervailing proof upon the point. To hold that it is incumbent upon the State to prove affirmatively that a pistol which is carried concealed, or carried when the accused is intoxicated, or which is exhibited in a rude, angry and threatening manner, is loaded, as a condition precedent to a conviction would be practically to render the statute unenforceable. This is not only the view which this court has already taken (State v. Morris, 263 Mo. 1. c. 351), but it is the view held in all other jurisdictions wherein the language of the statute denouncing this offense is similar to ours. [Fielding v. State, 135 Ala. 56; Redus v. State, 82 Ala. 53; State v. Tapit, 52 W. Va. 473; State v. Bollis, 73 Miss. 57; State v. Wardlaw, 43 Ark. 73; Com. v. Murphy, 166 Mass. 171; Williams v. State, 61 Ga. 417; State v. Duzan, 6 Blackf. (Ind.) 31.] We need not and do not rule whether the defendant should ever be heard in his defense to say that the pistol carried by him was neither a dangerous nor a deadly weapon, because it was not loaded and therefore could not be fired; because that question is not here involved. We content ourselves in holding that it is not necessary for the State to show that the pistol or firearm carried concealed, or carried while the accused is intoxicated, or exhibited by him in a rude, angry and threatening manner, is loaded, in order to make out a prima-facie case.

*Margin note:* Pistol: Whether Loaded or not.

III. It is charged as error in the motion for a new trial that the court permitted the prosecuting attorney to exhibit to certain witnesses for the State copies of their testimony before the grand jury for the purpose of refreshing their memories. This was not error. We held, after a somewhat exhaustive exami-

*Margin note:* Exhibiting to Witness Former Testimony.

nation of the point, that this is proper and within the sound discretion of the trial court in a case wherein the hostile or evasive attitudes of the State's witnesses warrants such refreshing. [State v. Patton, 255 Mo. 245.] It would be difficult to find a case wherein the seemingly unfriendly and equivocating attitude of the witnesses for the State called louder for the exercise of the sound discretion mentioned, than in the one at bar. This point is overruled.

IV. Lastly, it is said that the remarks of counsel for the State in his argument to the jury were so far outside of the record as to be reversibly harmful. We have carefully gone over the record and find that the objections of counsel for the defendant were sustained by the court in every instance, save one. In this one, the objection was that the prosecuting attorney was not warranted in saying that defendant had "got it into his head to go about the county with a pistol in his pocket." The first count of the information charged defendant with carrying a concealed weapon. The testimony of at least one witness was that defendant had this pistol in his pocket. There could be no impropriety in the language of counsel, so long as that language but followed the relevant and competent testimony of the witnesses in the case, or drew from such testimony such inferences as were fairly deducible therefrom. [State v. Harrison, 263 Mo. 642; State v. Brown, 247 Mo. 715.]

Other matters are mentioned in the motion for a new trial, but they are either such as have no merit, or they are not borne out by the record in the case.

Let the judgment be affirmed. All concur.