# THE STATE v. MYRA BAUMANN, Appellant.

Division Two, December 22, 1925.

1. **CONCEALED WEAPON: Revolving Pistol: Unloaded.** A revolving pistol is a firearm, and a firearm carried and concealed upon or about the person is a dangerous and deadly weapon under that part of the statute (Sec. 3275, R. S. 1919) which makes it a felony for any person "to carry concealed upon or about his person a dangerous or deadly weapon of any kind or description;" and where defendant was convicted of having a revolving pistol concealed on her person, it was not necessary, in order to sustain the conviction, either to charge or to show that the pistol was loaded.

2. ————: **Evidence: Hostile Witness: Cause.** It is proper to permit a defendant being tried for carrying concealed weapons to show that the prosecuting witnesses are hostile and unfriendly to her, as an ultimate fact affecting their credibility, but the cause of their prejudice or hostility is immaterial to any issue in the case.

3. ————: **Instruction: Intentionally.** The word "wilfully" means intentionally, and an instruction requiring the jury to find that defendant "wilfully" carried a revolving pistol concealed upon her

person is not faulty because it does not use the word "intentionally."

4. Concealed Weapon: Instruction: Intention to Conceal. Where the State's evidence tends to show that defendant carried a pistol upon her person and that it was concealed, and her testimony tends to show that she had no pistol upon her person at all and therefore did not carry it concealed, intent to conceal is not an issue, and there is no basis for instructions telling the jury that if defendant put a pistol in her pocket without any intention to conceal it, etc., and that to conceal a weapon implies an assent of the mind and a purpose to carry it so that it may not be seen.

Corpus Juris-Cyc. References: Criminal Law, 16 C J, Section 1086, p. 560, n. 64; Section 2485, p. 1043, n. 36; 17 C. J., Section 3679, p. 334, n. 99. Weapons, 40 Cyc., p. 863, n. 93; p. 866, n. 18; p. 868, n. 30; p. 869, n. 40, 41; p. 938, n. 24.

Appeal from Audrain Circuit Court.—*Hon. E. S. Gantt,* Judge.

AFFIRMED.

*Clarence A. Barnes* for appellant.

(1) The testimony proffered by defendant showed interest and enmity and bias against the defendant by the prosecuting witness and his wife, and their motives and animus, together with the surroundings and circumstances out of which this charge grew, and should have been admitted. State v. Potts, 239 Mo. 403; State v. Decker, 161 Mo. App. 396; Knapp v. Knapp, 183 S. W. 576; Bradbury v. Smith, 181 S. W. 415; State v. Horton, 247 Mo. 657; Morris v. Mattingly, 204 Mo. App. 669; State v. Cole, 213 S. W. 110; State v. Emmons, 225 S. W. 894; State v. Ritter, 288 Mo. 301; State v. Davis, 284 Mo. 695. (2) The defendant's instruction in the nature of a demurrer at the close of all the evidence should have been given. The facts stated in the information do not constitute a public offense in that it does not charge the revolving pistol to have been loaded with powder and leaden balls, or anything else. Without

State v. Baumann.

such loading it is neither by statute nor as a matter of law a dangerous or deadly weapon. State v. Long, 253 S. W. 733; R. S. 1919, sec. 3275. (3) The court erred in giving plaintiff's Instruction 3 in that it failed to require the jury to find that defendant intentionally carried concealed a certain deadly and dangerous weapon. State v. Jackson, 283 Mo. 27; State v. Carter, 259 Mo. 358. (4) The court erred in refusing to give defendant's requested instructions 9, 10 and 12. State v. Jackson, 283 Mo. 27; State v. Carter, 259 Mo. 349.

*Robert W. Otto,* Attorney-General, for respondent; *Earl E. Roberts* of counsel.

(1) The court did not err in its exclusion of evidence. R. S. 1919 sec. 3275; State v. Hogan, 273 S. W. 1060. (2) Appellant's demurrers to the evidence were properly overruled. A prima-facie case was made both in the first instance and on the evidence as a whole. State v. Whitman, 248 S. W. 937. (3) It is not material to constitute the offense charged whether the proof showed the pistol to have been loaded or not. State v. Riles, 204 S. W. 1; State v. Morris, 263 Mo. 351; State v. Larkin, 24 Mo. App. 410. (4) Instruction 3 given for the plaintiff is a correct declaration of the law. Where a person carries a deadly weapon concealed about his person, with the intent to conceal, it does not matter what his purpose or how harmless his motive in carrying it, provided his carrying it does not come within the statute. State v. Hovis, 135 Mo. App. 544; State v. Carter, 259 Mo. 359; State v. Hogan, 273 S. W. 1060; State v. Conley, 217 S. W. 30. (5) The court committed no error in refusing defendant's instructions 9, 10 and 12. Where, in a prosecution for carrying a concealed weapon in violation of the statute, there is direct evidence of concealment, an instruction as to the intent is not necessary, not only in view of the presumption of intent from the concealment, but in view

of the presumption of intent from commission of the act.   State v. Carter, 259 Mo. 349; State v. Hovis, 135 Mo. App. 544; State v. Conley, 217 S. W. 29.

BLAIR, J.—Defendant has appealed from a conviction and a fine of one hundred dollars for the felony of carrying a concealed weapon.   The alleged offense and the trial occurred in Audrain County.

The evidence on the part of the State tended to show that Curtis Jennings, the prosecuting witness, lived upon a farm about eight miles north of Centralia, which belonged to defendant and her husband, John Baumann. Apparently, there had been trouble over possession between the owners of the farm and their tenant.   On December 9, 1923, defendant and her husband and their seventeen-year-old son, August Baumann, drove out to the farm from their home in Centralia, carrying bedding and other articles to leave at the farm house.

The prosecuting witness testified that he saw defendant come in at the door carrying some bed clothing. She had let herself in with a key.   He told her not to come in, as he had not yet given possession.   Defendant ran her hand in her overcoat pocket and pulled out a gun and shoved it against the body of the prosecuting witness and told him to get out of the way.   Said witness described the gun as a .38-calibre revolving pistol.   John Baumann was in the yard and the son was on the porch. Later prosecuting witness saw defendant take the pistol from under her blouse and put it in a pocket in the door of the car.

Mrs. Jennings testified that she did not see defendant have the pistol when she came in the door, but did hear her say, "Get out of the way, I'm coming in." Later she saw defendant take the pistol from under her middy blouse and put it in the pocket of the car.   The testimony of the prosecuting witness and his wife tended to show that the pistol was concealed from view by defendant.

Defendant testified that she did not have a revolving pistol in her possession and had never handled one and denied having one concealed or otherwise on the occasion in question. She also denied saying to the prosecuting witness, "Get out of the way, I'm coming in." She said she opened the car door as the car was about to be driven back to town and took out a bottle of formaldehyde and an ivory brush and comb. She denied drawing a revolver on the prosecuting witness or pressing it against his body. August Baumann, defendant's son, testified that he heard defendant say to Jennings, "Get out of the door;" that she did not have a gun and made no movement from her coat pocket to take a gun out or to put one in her pocket. He corroborated his mother's testimony that she took a bottle of formaldehyde and a comb and brush from the pocket of the car.

John Baumann, the husband of the defendant, testified that he had a .38-calibre pistol in his pocket at the time. He said it was not loaded and that he was just taking it out to the farm and stuck it in his pocket. He testified that defendant did not draw a gun on the prosecuting witness and that no revolver was put in the pocket of the car.

The testimony of Constable Fagg and one Creed Lewis, who went out to the scene of the difficulty with the constable, tended to show that John Baumann then said that they (the Baumanns) came out there and that the defendant went in and that she shoved the gun against Jennings and told him to get out of the way. This testimony was in rebuttal after defendant and her husband had denied that the husband made any such statement.

Defendant offered demurrers to the evidence, both at the close of the State's case and at the conclusion of all the evidence. She now contends that the trial court erred in overruling the demurrer at the close of the evidence. This assignment is based upon the contention that there is no proof that the revolving pistol was loaded and for that reason there is no proof that it was a dangerous and deadly weapon.

The testimony of defendant's husband that *he* had a .38-calibre revolver in his pocket and that the same was not loaded may be disregarded upon the question of whether or not the revolver which *defendant* had and pressed against the body of prosecuting witness, as the jury found, was loaded or not loaded. Her husband testified that defendant did not have such revolver or any other revolver in her hands or concealed about her person. If the jury had found that defendant did not have a revolver concealed upon her person, the question of whether or not her husband had an unloaded revolver upon his person is unimportant and not material to the issues. He was not charged with or tried for carrying a revolver concealed upon his person.

On the other hand, if the jurors believed defendant did have a revolver concealed about her person, then if they believed defendant's husband also had a revolver, it was entirely immaterial whether the revolver he had was loaded or not. Hence, the testimony that the revolver, which defendant's husband had, was not loaded has no tendency to show that the revolver defendant had (and the jury found she did have one) was not loaded.

The jury found that defendant had a revolver concealed upon her person. There was no proof that the revolver she had was in fact loaded. The real question then is whether it was necessary for the State to offer proof that such revolver was in fact loaded. Defendant was convicted under that part of Section 3275, Revised Statutes 1919, which makes it a felony for any person to "carry concealed upon or about his person a dangerous or deadly weapon of any kind or description." No particular kind of deadly weapon is mentioned in this part of the section. However and further on in the section, it is made a felony to have upon or about the person concealed or exposed, firearms, etc., "or other similar deadly weapons," when the person carrying same is present at certain assemblages, elections, etc. By the words "other similar deadly weapons" the statute has clearly defined a firearm, which,

State v. Baumann.

of course, includes a revolving pistol, as a deadly weapon. Under that part of the section denouncing the carrying of revolvers in assemblages, at elections, exhibiting the same in a rude, angry or threatening manner or carrying the same while the person carrying it is intoxicated, we have held that it is unnecessary for the State to show that the firearm was loaded. [State v. Riles, 274 Mo. l. c. 623.] We there refused to pass upon the question of whether or not a revolver constituted a dangerous or deadly weapon when not loaded, because the charge in that case was carrying a revolver while the defendant was intoxicated.

In State v. Morris, 263 Mo. l. c. 351, WALKER, J., said: ''It was not necessary to prove that the pistol was a dangerous and deadly weapon. Proof that it possessed the appearance and characteristics of a pistol, which defendant not only admitted it to be, but that it was loaded, authorized the jury to classify it as a 'firearm,' which is expressly declared in the statute to be a deadly weapon; its display, therefore, as such within the meaning of the statute (Sec. 4496, supra) constituted the offense and it was not material whether it could be discharged or not.''

In that case the defendant was convicted of displaying a deadly weapon under circumstances denounced by the statute. As the statute plainly describes any firearm as a deadly weapon, a firearm carried concealed upon or about the person is a dangerous or deadly weapon under that part of Section 3275, under which defendant was convicted, and it was not necessary for the State to show that such firearm was loaded.

It was not necessary for the information to allege that the revolving pistol was loaded. The information properly charged the offense of which defendant was convicted and the evidence was sufficient to prove the allegations of the information and to sustain the conviction of defendant.

311 Mo. Sup.—29.

Defendant complains of the exclusion of certain evidence which, as she contends, tended to show the interest, bias and enmity of the prosecuting witness and his wife toward the defendant and tended to show the cause of such state of mind. It was shown by the State that both the prosecuting witness and his wife were unfriendly and indeed hostile to the defendant. Such was the ultimate fact sought to be shown by such proffered testimony. The only legitimate purpose of same was to affect the credibility of the testimony of said witnessess. The cause of such hostility was wholly immaterial to any issue on trial. It is therefore apparent that the exclusion of such testimony was not prejudicial to the substantial rights of the defendant and that we need not consider this contention on its merits or whether the assignment is properly before us.

Instruction 3 is assailed on the ground that it did not require the jury to find that the defendant "intentionally" carried a deadly weapon concealed. The instruction required the jury to find that the defendant "wilfully" carried the revolving pistol concealed on her person. The word "wilfully means intentionally. It has been thus defined by this court in so many cases over such a long period of time that citation of authority is unnecessary.

In this connection defendant contends that the court erred in refusing her Instructions 9, 10 and 12, as follows:

"The court instructs the jury that if you find from the evidence that the defendant while moving certain bedding, small articles or personal property from the car to her dwelling, put a pistol in her pocket to carry from the car to the dwelling without any intention of concealing said pistol, you will return your verdict acquitting the defendant.

"The court instructs the jury that to conceal a weapon means something more than to carry it, or the mere fact of having it where it may not be seen; it implies an assent of the mind, and a purpose to carry it

so that it may not be seen, and the court instructs you . that if you find and believe from the evidence that the defendant Myra Baumann did not intend to carry the pistol mentioned and described in the evidence herein concealed, then you should find the defendant not guilty.

"The court instructs the jury that to conceal a weapon means something more than to carry it, or the mere fact of having it where it may not be seen; it implies as assent of the mind and a purpose to carry it so that it may not be seen, unless you find from the evidence and beyond a reasonable doubt that the defendant not only carried a pistol and carried it where it may not be seen, but that while so carrying it where it could not be seen, her mind assented to and she purposed to carry it so that it could not be seen, you will return a verdict acquitting the defendant."

These instructions were properly refused. No issue of fact was made by the evidence requiring the giving of such instructions. The sole issue of fact was whether or not defendant had the revolving pistol concealed upon her person. If defendant or any other witness had testified that she had the revolver upon her person, but that same was not concealed or, if concealed, that she had no intention to conceal it, a far different situation would exist. Such was the situation in State v. Carter, 259 Mo. 349, cited by defendant. There WILLIAMS, C., at page 359, said:

"The sole issue of fact in this case was with reference to the concealment of the instrument. The State's evidence tended to show that as defendant walked down the street the revolver was concealed partly in the pocket and partly by his right hand. Defendant's evidence tended to show that it was not concealed, but that a portion of it protruded above the pocket, and that defendant did not intend to conceal the same, and that he was using his right hand to free himself from the two boys as the three were progressing down the street. The circumstances detailed in evidence gave some corrobora-

tion to defendant's claim. Where the State's evidence shows that the weapon is concealed, it would no doubt be a sufficient prima-facie showing that he intended to conceal the same, because from such proof it might well be inferred or presumed that the person *intended* to do that which in fact he did do, and when this is true and this issue is not controverted, it becomes of little importance in the case. But where, as here, a contested issue of fact is involved, both as to the concealment and, if concealed, as to whether or not the defendant intended it to be concealed, the question of defendant's intent in that regard becomes an important issue of fact in the case, to be determined by the jury.''

Here the concealment, or intent to conceal, was not the contested issue under the evidence. The issue was: Did the defendant have the revolver upon her person at all, and, if so, was it concealed? The State's testimony tended to show that she did carry it and that it was concealed. The defendant's testimony just as clearly tended to show that defendant had no revolver upon her person at all and therefore could not and did not carry it concealed. That was the issue under the evidence. Instructions 9, 10 and 12 were not called for by the evidence and were properly refused. Instruction 3 sufficiently required the jury to find that defendant intentionally carried a revolving pistol concealed.

Defendant was represented in this court by able counsel who has carefully briefed the case. We have considered all the assignments of error raised in the brief and find the same to be without substantial merit.

The judgment is affirmed. All concur.