STATE of Missouri, Plaintiff-Respondent,

v.

Joe Thomas CAMPBELL, Defendant-Appellant.

No. 35175.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 12, 1974.

James B. Herd, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., J. Paul Allred, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

PER CURIAM.

Defendant-appellant, Joe Thomas Campbell, was found guilty by a jury of exhibiting a dangerous and deadly weapon in a rude, angry and threatening manner and the jury assessed punishment at two years in the Missouri Department of Corrections. § 564.610, RSMo., 1969, V.A.M.S. After motion for a new trial was overruled, sentence was imposed on January 26, 1973. Defendant appeals.· We reverse and remand.

Defendant, having been indicted on April 20, 1971, was tried in the Circuit Court of the City of St. Louis before the court and jury beginning November 20, 1972. ·Defendant had been tried on two previous occasions for the same offense, the first trial resulting in the jury not being able to agree on a verdict, and the second one resulting in a conviction and an assessment of punishment of 50 days, but the post-trial motion for new trial was sustained.

This proceeding followed. What began as a simple case of whether defendant was guilty of exhibiting a dangerous and deadly weapon in a rude, angry and threatening manner soon became a complicated, confused and complex trial involving many issues—six of which are raised on this appeal.

Briefly, the facts in the light most favorable to the State, were these. An incident, not involving the defendant or his brother Paul, occurred at a tavern in the City of St. Louis. The incident involved a stealing or robbery by a female patron. Several police officers and two detectives in plain clothes were dispatched to the tavern. After the incident, the owner requested the two plain clothes detectives to remain on the premises. Defendant, Joe Thomas Campbell, and his brother Paul came into the tavern and sat at the bar. Words developed between Paul and certain other customers standing behind him. Thereafter the two brothers left, and shortly thereafter they returned and came through the door. Defendant was carrying, waist high, a 12 gauge Winchester shotgun loaded with one shell; he raised the gun and "scanned" the bar making, at the same time, certain derogatory remarks to the patrons.

The two detectives identified themselves, took out their service revolvers and attempted to take the gun; defendant lunged the shotgun toward the midsection of one of the officers; a serious altercation followed between the detectives and the two brothers. One of the detectives was injured and the two brothers were more severely injured and hospitalized. The shotgun was never discharged.

Indictment and the trials followed.

Appellant makes six contentions on this appeal. The most serious in our opinion is his contention that the trial court erred in permitting one of the detectives to testify concerning his prior experience in examining a person who has been shot with a shotgun.

The point arose in this manner. The prosecutor requested defense counsel to stipulate that the shotgun was a dangerous and deadly weapon. Counsel approached the bench and objected to the position that such a stipulation would place him in. He further informed the court that in the previous two trials the prosecutor asked the officer whether or not he "had ever seen anybody shot with a shotgun before

. . ." and objected to the development through questioning of the dangerous and deadly nature of the weapon. After lengthy discussion and within the hearing of the jury the prosecutor asked Officer Sorocko: "Have you, as an officer of the Police Department, had an opportunity to examine or see the body of a person who was shot within 12 feet of the muzzle of a 12-gauge shotgun?"

After a motion for mistrial was overruled and after a lengthy discussion outside the hearing of the jury, the officer testified that he had, and that when you see a body, "The chest cavity was similar to looking into a garbage can full of liver." Counsel for defendant again requested a mistrial which was overruled.

 Under the circumstances of this case, and in view of the charge involved, we believe that this was prejudicial and deprived defendant of a fair trial. This vivid and emotionally charged description was inflammatory, unnecessary and did not reasonably tend to prove or disprove any disputed fact issue. The state proved and the defendant admitted that the shotgun was defendant's. Under § 564.610, certain weapons mentioned therein, e. g. "firearm" are dangerous or deadly. If the weapon is one mentioned in the statute as being dangerous and deadly, no further proof to show that it is deadly is required or necessary. Proof of dangerousness or deadliness must be shown only when the weapon used is not one mentioned in the statute. The State therefore need not prove that a shotgun is a dangerous or deadly weapon since a firearm is mentioned in § 564.610. State v. Baumann, 311 Mo. 443, 278 S.W. 974 (1925); State v. Morris, 263 Mo. 339, 172 S.W. 603 (1915).[1]

We have examined the other contentions raised by appellant and find either that they are without merit, or the trial court did not err or abuse its discretion in its rulings, or were not prejudicial.

 Defendant contends that the punishment of 50 days in the previous trial had been determined and to subject him to this trial on all issues including punishment would subject him to double jeopardy and deny him due process. He moved, prior to trial, that he be tried solely on the issue of guilt or innocence, and the court overruled the motion. He claims the ruling is error. But the trial court in so ruling did not err. Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973); State v. Johnson, 485 S.W.2d 106 (Mo.1972).

The judgment of conviction is reversed and the cause remanded for further proceedings.

All the Judges concur.

---

1. The new MAI–CR 13.12 omits the requirement of a finding that the weapon is deadly when it is one mentioned in the statute. See MAI–CR 13.12, paragraph Third, and notes thereto.