**STATE of Missouri, Plaintiff-Respondent,**

v.

**Albert E. LARKIN, Defendant-Appellant.**

**No. 35446.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 6, 1974.

DOWD, Chief Judge.

Appellant was charged with exhibiting a deadly weapon in a rude, angry and threatening manner in the presence of one Althea Turner. (§ 564.610, RSMo 1969, V.A.M.S.) A jury trial was waived, and there was sufficient evidence presented to the court from which it could have found that in the early hours of October 31, 1972, in the City of St. Louis, appellant did threaten and intimidate Miss Turner with a loaded shotgun. One prior felony conviction was also proved, and the court assessed punishment at five years imprisonment.

Defendant's only contention on this appeal is that the state failed to prove the shotgun "was deadly, that is, capable of being discharged."

Recently this court in State v. Campbell, 507 S.W.2d 431 (Mo.App.1974) discussed this very point in a prosecution under the same charge and same statute. As in *Campbell*, the gun involved here was also a .12 gauge loaded shotgun. This court stated at p. 433:

> . . . Under § 564.610, certain weapons mentioned therein, e. g. 'firearm' are dangerous or deadly. If the weapon is one mentioned in the statute as being dangerous and deadly, no further proof to show that it is deadly is required or

necessary. Proof of dangerousness or deadliness must be shown only when the weapon used is not one mentioned in the statute. The State therefore need not prove that a shotgun is a dangerous or deadly weapon since a firearm is mentioned in § 564.610. State v. Baumann, 311 Mo. 443, 278 S.W. 974 (1925); State v. Morris, 263 Mo. 339, 172 S.W. 603 (1915). . . .

This court in *Campbell* also pointed out that the new MAI–CR 13.12 omits the requirement of a finding that the weapon is deadly when it is one mentioned in the statute.

'Appellant argues that there was no evidence that the loaded shotgun was in working condition. In State v. Morris, 263 Mo. 339, 172 S.W. 603 (1915) the defendant was charged with exhibiting a pistol in a rude, angry and threatening manner. The court held that the fact that the pistol was not in working condition was no defense to a charge of exhibiting a gun under a similarly worded statute. Again in State v. Baumann, 311 Mo. 443, 278 S.W. 974 (1925) in a ·case where the defendant was charged with carrying a concealed weapon, the court held that it was unnecessary for the state to prove that the firearm was loaded.

Recently our Supreme Court in State v. Dorsey, 491 S.W.2d 301 (Mo.1973) relied on *Morris* and *Baumann* in holding that it is no defense to a charge of carrying a concealed weapon to show that it was not loaded pursuant to § 564.610. The court in *Dorsey* quoted with approval the language used in State v. Riles, 274 Mo. 618, 204 S.W. 1 (1918) which involved a conviction under the same statute for possession of a deadly weapon while intoxicated, 491 S.W.2d at p. 303:

'We content ourselves in holding that it is not necessary for the state to show that the pistol or firearm carried, concealed, or carried while the accused is intoxicated, or exhibited by him in a rude, angry, and threatening manner, is

loaded, in order to make out a prima facie case.' 204 S.W. 1. c. 2.

We believe the holdings in the cases cited above defeat defendant's contention.

We hold that under this statute (§ 564.-610) it was unnecessary for the state to prove that the shotgun involved was capable of being discharged.

Defendant relies on State v. Rector, 328 Mo. 669, 40 S.W.2d 639 (1931). We have examined *Rector* and find it is distinguishable and involves a different statute with different statutory language. Nor do we believe the holding in *Rector* is helpful to the defendant.

The judgment is affirmed.

SIMEONE and WEIER, JJ., concur.