STATE of Missouri, Plaintiff-Respondent,

v.

Curtis Charles OVERSHON,
Defendant-Appellant.

No. 9653.

Missouri Court of Appeals,
Springfield District.

Sept. 16, 1975.

Dan L. Birdsong, Rolla, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

Defendant appeals from a conviction and sentence of two years, after jury verdict, for exhibiting a deadly weapon in a threatening manner. § 564.610 RSMo 1969, V.A.M.S.

The first of defendant's two contentions is that the evidence is insufficient to support the conviction. In determining the validity of that contention this court must view the evidence in the light most favorable to the state, accept all substantial evidence and all inferences fairly deducible therefrom tending to support the verdict and reject contrary and contradictory evi-

dence. *State v. Petrechko,* 486 S.W.2d 217, 218[1] (Mo.1972).

In addition to its formal portions, the amended information charged that the defendant, on or about the 31st day of December, 1972, "did then and there wilfully, unlawfully and feloniously in the presence of Don Watson, exhibit and flurich [sic] a certain dangerous and deadly weapon, to-wit, H & R 9 shot, loaded revolver, in a rude and threatening manner. . . . "

State's witness Watson testified that on that date he went to the Rock Haven Tavern. As Watson was entering the tavern, the defendant was leaving it. They met in the doorway. Defendant had the described revolver in his hand. Watson said the defendant pointed the gun "at my shoulders and head." Watson, himself unarmed, assumed the gun was loaded. He had had no conversation with the defendant and did not know him.

While pointing the gun at Watson, defendant told him to get out of the way. Watson did get out of the way and the defendant departed. Shortly thereafter he was apprehended by highway patrolmen and the revolver was found in his car.

The relevant portion of § 564.610 makes it unlawful for a person to exhibit, in the presence of one or more persons, a deadly weapon "in a rude, angry or threatening manner."

▇ Defendant concedes that the revolver was a "deadly weapon." [1] But defendant asserts that he "made no overt act which could be construed as threatening" and "said nothing which could be construed as threatening."

1. "Under § 564.610, certain weapons mentioned therein, e. g. 'firearm' are dangerous or deadly. If the weapon is one mentioned in the statute as being dangerous and deadly, no further proof to show that it is deadly is required or necessary." *State v. Campbell,* 507 S.W.2d 431, 433[1–3] (Mo.App. 1974). To similar effect see *State v. Larkin,* 512 S.W.2d 911 (Mo.App.1974). It is immaterial whether the revolver was unloaded, or whether it was otherwise incapable of being

▇ If defendant, in the presence of Watson, exhibited the revolver "in a rude, angry *or* threatening manner," the statute was violated. The state did not have the burden of proving the manner was rude, angry *and* threatening. *State v. Rice,* 522 S.W.2d 656, 659[7] (Mo.App.1975).[2]

▇ It is clear that the manner in which the defendant exhibited the revolver was rude. The pointing of the gun at Watson's head and shoulders was, to say the least, rude. Watson testified that he assumed that the gun was loaded and, under the circumstances, such an assumption seems reasonable. Watson, with undoubted prudence, complied with the terse demand.

A jury could reasonably construe the request as a threat, coupled as it was with the pointing of the gun, but the statute contains no express requirement of a verbal threat. It is sufficient if the manner of exhibition be threatening. The evidence permitted, perhaps even compelled, the conclusion that defendant's manner was both rude and threatening. It seems a reasonable inference that he was also angry, but the latter element need not appear so long as the manner was either rude or threatening. The evidence is sufficient to support the conviction. *State v. Owen,* 457 S.W.2d 799, 804[5] (Mo.1970) (and authorities there cited).

Defendant's second contention reads: "The court erred in admitting into evidence a certain H & R nine shot revolver for the reason that said revolver was not sufficiently identified as being the weapon used by defendant as charged in the amended information."

discharged if it had the "appearance and characteristics" of a revolver. *State v. Morris,* 263 Mo. 339, 172 S.W. 603, 604[1] (1915).

2. MAI–CR 13.12 is entitled "Exhibition of Weapon in a Rude, Angry or Threatening Manner." Paragraph second of that instruction reads: "Second, that he did so in a rude, angry *and* threatening manner." (Emphasis added).

Defendant's brief fails to cite any authority on this point and many cases [3] hold that such failure constitutes abandonment of the point.

However, the point, gratuitously considered, is factually unsound. Watson testified, without objection, that state's Exhibit 3 was the gun the defendant had at the time of the offense. The state trooper who arrested the defendant identified Exhibit 3 as being the gun in defendant's possession and it fit the description contained in the amended information.

There is no error in the matters of record reviewed pursuant to Rule 28.02 V.A.M.R.

The judgment is affirmed.

All concur.

---

**3.** *Schroeder v. Price Charles, Inc.,* 427 S.W.2d 414, 420[9] (Mo.1968); *Sierk v. Reynolds,* 484 S.W.2d 675, 682[7] (Mo.App. 1972); *Cady v. Kansas City Railway Co.,* 512 S.W.2d 882, 885 (Mo.App.1974); *Schmidt v. Central Hardware Co.,* 516 S.W.2d 556, 560[10] (Mo.App.1974); Mo. Dig., Vol. 3B, App. and Err., ☜1079. A purist might wonder if any point of first impression, however valid, cou'd properly be raised.