**STATE of Missouri, Respondent,**

v.

**Robert L. PHILLIPS, Appellant.**

**No. WD 32189.**

Missouri Court of Appeals,
Western District.

Nov. 24, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 22, 1981.

Application to Transfer Denied Feb. 16, 1982.

---

· James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, James A. Welland, Certified Law Student, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Kirk Lohman, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Defendant appeals from a jury conviction for carrying a concealed weapon and the consequent sentence of two years imprisonment. We affirm.

The state's evidence justified the jury to believe the following facts. At about 10:15 p. m. on February 20, 1980, Police Officer Sharman and security officer Wells were patrolling the Plaza area of Kansas City, Missouri, in a jeep, and in so doing they passed the Swanson parking lot. The officers were aware that three robberies had occurred in that lot during January and February 1980, and one of the robbers had been described as a black man, about 5'8" or 5'9", wearing a long tan coat. As they went past the Swanson lot, Sharman saw the defendant, a black male wearing a long tan coat, standing next to a pillar. When the defendant saw the security jeep, he jumped behind the pillar. The officers turned the jeep around and as they started up the ramp to enter the parking area, they met defendant descending the ramp.

Wells then asked defendant what he was doing there. Defendant answered that he had just bought a box of candy. Wells commented that there was no shop attached to the parking area selling candy, and Sharman then asked defendant for identification. Defendant responded that he was "clean" and at the same time lifted up his topcoat to the level of his waist. When he did so, the officers could see a bulge in defendant's left pocket which Sharman stated, based on his experience as a police officer, he believed to be a gun. Sharman grabbed at the bulge simultaneous with the act of defendant in reaching inside his coat toward the same area. Sharman succeeded in removing from defendant's inside breast pocket a gun loaded with three live rounds and wound around the cylinder was electrician's black tape.

For his first point on appeal, defendant urges that the weapon taken from his coat by Sharman should have been suppressed and that its reception into evidence was error for the reason that the search and seizure was unconstitutional. In support of that point, he argues that the arrest without warrant was not based on probable cause or reasonable suspicion and therefore could not give rise to any right on the part of the officers to conduct a search of defendant's person.

*Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) announces the governing principle. That case upholds a "stop and frisk" when a police officer is investigating possible criminal behavior and observes unusual conduct which leads him reasonably to conclude, in light of his experience, that criminal activity may be afoot. *Terry* further lays down the rule that "in justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."

The facts of this case, outlined above, reasonably warranted stopping the defendant for a brief investigation. Indeed the circumstances were such that for the officers to have done otherwise would have been a dereliction of duty. As soon as defendant lifted up his coat thereby disclosing the bulge at the left breast, Sharman was amply justified, if for no reason other than his own protection, in grabbing for and securing the gun. *See State v. Johnson*, 504 S.W.2d 23 (Mo.1974) and *State v. Ward*, 569 S.W.2d 249 (Mo.App.1978).

The Missouri courts have applied the *Terry* doctrine to uphold instances of stop and

**524**

frisk. *State v. Lasley*, 583 S.W.2d 511, 518 (Mo.banc 1979); *State v. McClain*, 602 S.W.2d 458, 460 (Mo.App.1980). By parity of reasoning, the *Terry* test has been met here. The cases cited by defendant are readily distinguishable and do not warrant individual analysis. Defendant's first point has no merit.

 Defendant's second point subdivides into two branches. The first branch attacks the admission into evidence of the three rounds of ammunition and the black electrician's tape. He says that those pieces of evidence were irrelevant because the state was not obligated to prove that the gun was either loaded or in operable condition. In that connection he cites and relies principally upon *State v. Larkin*, 512 S.W.2d 911 (Mo.App.1974).

Although proof that the gun was loaded and operable was unnecessary, that does not mean that such proof was improper. Indeed the *Larkin* opinion upon which defendant relies states that the shotgun there involved was loaded, which means of necessity that evidence to that effect was received.

The state was entitled to describe and offer in evidence the weapon found in defendant's inner pocket. That weapon included the live ammunition and the black tape holding the cylinder in firing position. Permitting that description and entire evidence to go to the jury was not error.

The second part of defendant's second point complains of Sharman in his testimony referring to the gun as being "a Saturday night special." That testimony came from the witness without any apparent premeditated intent on the part of the prosecutor. An objection by the defense attorney was immediately sustained. Defense counsel then went on to demand a mistrial saying that, "I don't believe a curative instruction will do anything but call it to the jury's attention."

The grant of a mistrial in a situation such as this is a drastic remedy as to which the trial court has a wide discretion. *State v. Nolan*, 423 S.W.2d 815, 818 (Mo.1968);

*State v. Sanders*, 608 S.W.2d 507, 509 (Mo. App.1981); *State v. May*, 613 S.W.2d 877, 881 (Mo.App.1981). No abuse of discretion appears with respect to refusing the requested mistrial.

There being no error, the judgment is affirmed.

All concur.