**STATE of Missouri, Respondent,**

v.

**Theodis CHUNN, Appellant.**

**No. 43466.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 26, 1982.

Frank A. Anzalone, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of the offense of armed criminal action in violation of § 571.015, RSMo. 1978. The jury assessed punishment of 15 years' imprisonment, and the court sentenced defendant to that term.

On the evening of August 14, 1979, the night manager of a supermarket was in the back room sorting through the day's receipts when he heard a knock at the door. He unlocked and opened the door, and a man wearing a ski mask and holding a gun forced his way into the room. The two scuffled over the gun, and the manager gained control of the weapon and held the defendant in custody until the police arrived. When the police arrived, one officer removed the would-be robber's mask. The manager identified defendant in court as the man who had attempted the robbery. The manager also testified that defendant had previously worked as a security guard at the market for a few days.

The arresting officer identified defendant as the man he arrested at the market. He also testified that he had examined and tested the weapon defendant had used in the robbery attempt and had found it to be loaded and operable. The officer further testified that the gun, a .22 caliber revolver, could cause a serious wound because the bullet it uses has "a tendency to ricochet off of anything it might hit, such as bones or walls."

During the trial, a security guard accompanied the defendant in and out of the courtroom. During defendant's testimony, at the court's nonverbal direction, the guard stood in front of a door located eight feet behind the witness stand.

In his first two points, defendant contends the trial court erred in admitting the police officer's testimony that the gun was operable and loaded and that it could cause a serious wound. He contends that this evidence was not relevant to any issue in the case and was inflammatory and prejudicial. We disagree.

Proof of the use of a gun in the commission of a felony is evidence sufficient to support a conviction of armed criminal action. A gun is considered a deadly weapon regardless of the type of wound it can cause or whether it is loaded or operable. *State v. Tilley,* 569 S.W.2d 346, 348 (Mo.App.1978). Therefore, that the gun was loaded, operable, and capable of causing a serious wound was not an element of that offense. However, evidence of those facts was relevant and, therefore, admissible.[1]

Further we find that the police officer's testimony that the gun could cause a serious wound was not of the same ilk as that which caused us to reverse the conviction in *State v. Campbell,* 507 S.W.2d 431 (Mo.App. 1974). The defendant in that case was charged with exhibiting a deadly weapon, a shotgun, in a rude, angry, and threatening manner. A police officer testified that the chest of a person wounded by a shotgun would look like "a garbage can full of liver." *Id.* at 433. We found that "vivid and emotionally charged language" was inflammatory and prejudicial, and we reversed the conviction. *Id.* Here, the challenged testimony was objective, straightforward, and not prejudicial.

In his third point, defendant contends the trial court erred in denying his motion for a mistrial based on the security guard's escorting him in and out of the courtroom and the guard's standing in front of the door while defendant was on the witness stand. The record reveals that these same security measures are taken in every criminal case heard in this courtroom when the defendant is confined. The defendant here was not dressed in prison clothes, nor was there any other suggestion

---

1. We recognize that this determination is contrary to our holding in *State v. Long,* 532 S.W.2d 814, 820 (Mo.App.1975). In that case, we said evidence that a gun was loaded and operable was not relevant to the offense of robbery by means of a deadly weapon, but we also held that the evidence was not prejudicial. In *Long,* the jury did not assess punishment because the defendant was tried as a repeat offender. We believe that in a case like the one now before us, a defendant should be permitted to show his gun was not loaded, operable, or capable of causing serious injury and that the state should be permitted, if able, to show the contrary.

that he was confined. The officer was not in uniform. That there is a door located so near the witness stand is a matter beyond the control of the judge. We find no error here.

Affirmed.

STEWART, C.J., and CRIST, J., concur.