**STATE of Missouri, Plaintiff–
Respondent,**

**v.**

**Lawrence GEARY and Samuel Geary,
Defendants–Appellants.**

**No. 19169.**

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 4, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 26, 1994.

Application to Transfer Denied
Oct. 25, 1994.

Donald Rhodes, Bloomfield, for defendants-appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Judge.

Following jury trial defendants were convicted of unlawful use of a weapon in violation of § 571.030.1(4), RSMo 1986 (since amended, see § 571.030, RSMo Supp.1993). Defendants appeal, from the sentence and judgment of November 3, 1993, assessing a fine and court costs. They present six points relied on in a joint brief.

For their first point defendants contend that the trial court erred by assessing the fees of the special prosecuting attorney as costs against defendants. Defendants assert that the fees of the special prosecuting attorney are not statutorily deemed criminal costs and the trial court lacked authority to assess such fees as costs. This contention has no merit. Section 56.130, RSMo 1986 provides that a special prosecutor "shall re-

ceive a reasonable fee for each case prosecuted to be fixed by the court and to be taxed and paid as other costs in criminal cases." Under that section the trial court proceeded properly in assessing the special prosecutor's fees. *State v. Van Black,* 715 S.W.2d 568 (Mo.App.1986).

The remaining five points relate only to the conviction of Samuel Geary. Through the first of those points he contends the trial court erred in denying his motion to dismiss following the swearing in of the jury and in overruling his objection to testimony regarding him "for the reason that the trial court was without jurisdiction with respect to defendant Sam Geary because at the time the jury was sworn, the information was fatally defective as same did not name Sam Geary as a defendant".

■ Defendant's third point is also premised on the same defect in the information. It contends that as the state had not named defendant Sam Geary in the information until after it had rested its case, previously there had been no jurisdiction over him and as no evidence was offered by the state after the amendment, no evidence was presented against him resulting in insufficient evidence to convict him.

Until amended after the state had rested its case, the style and body of the information stated:

"In the Circuit Court of Stoddard County, Missouri Division I

State of Missouri,

Plaintiff,

v.

Lawrence Geary and

Defendant.

Case No. CR591–
INFORMATION

The Prosecuting Attorney of the County of Stoddard, State of Missouri, charges that the defendants, in violation of Section 571.030.1(4), RSMo, committed the class D felony of unlawful use of a weapon, punishable upon conviction under Sections 558.-011.1(4), in that on or about May 23, 1991, in the County of Stoddard, State of Missouri, the defendants knowingly exhibited, in the presence of one or more persons firearms, weapons readily capable of lethal use, in an angry or threatening manner."

This action was initiated by the filing of a complaint against "Lawrence Geary and Sam Geary, defendants" which contains the same body as the information. In a pretrial conference before the trial commenced, after the jury was sworn, and after the state rested, defendant Sam Geary moved to dismiss the action against him on the ground that no charges had been instituted against him. The trial court denied those requests.

After the state had rested its case, the prosecuting attorney asked for and received permission to amend the information "to correct [it] by interlineation and write his name in there." The state was granted leave to amend and the prosecutor wrote "Sam Geary," in the style between the "and" and "Defendant".

Defendant Sam Geary relies upon *State v. Jones,* 570 S.W.2d 336 (Mo.App.1978), as having facts "virtually identical" to those here. There, the information was fatally defective, in "a situation where another and different individual was charged in the information under which the defendant Allen Farrel Jones was tried." 570 S.W.2d at 337. That is not the situation present here. Moreover, *Jones* and the other cases relied upon by defendant Sam Geary under these points, including *State v. Gilmore,* 650 S.W.2d 627 (Mo.App.1983), predate *State v. Parkhurst,* 845 S.W.2d 31 (Mo. banc 1992). *Gilmore* was overruled by *Parkhurst,* which concluded, 845 S.W.2d at 35:

"[A] defendant will not be entitled to relief based on a post-verdict claim that the information or indictment is insufficient unless the defendant demonstrates actual prejudice."

An information may be amended "at any time before verdict ... if no additional or different offense is charged and if a defen-

dant's substantial rights are not thereby prejudiced." Rule 23.08. The record indicates that defendant Sam Geary knew what he was charged with and what facts the charge was based upon. He testified and offered evidence to rebut the charge. It is apparent that his name was unintentionally omitted from the information and he and his attorney knew that was the case. No prejudice to him was shown. Points II and III have no merit.

For his fourth point defendant Sam Geary claims he was prejudiced because exhibits were given to the jury by the bailiff at the request of the jury without the court approving such request. The record shows that exhibits were given by the bailiff to the jury, but it does not show which exhibits, if this was authorized by the trial court, or if there was an objection by defendants' counsel. Defendant Sam Geary raised this contention in his motion for new trial, but offered nothing to support it at the hearing on that motion.

■ Whether to allow exhibits to be taken to the jury room is a matter of discretion for the trial judge. *State v. Jennings,* 815 S.W.2d 434, 440 (Mo.App.1991). The record does not establish that the bailiff took the exhibits without the court's permission. Factual allegations in a motion for new trial are not self-proving. *State v. Reasonover,* 714 S.W.2d 706, 713 (Mo.App.1986), cert. denied 480 U.S. 936, 107 S.Ct. 1580, 94 L.Ed.2d 771 (1987); *Wolfe v. State,* 613 S.W.2d 892, 897 (Mo.App.1981). Moreover, defendant Sam Geary has not shown how he was prejudiced. cf. *State v. Hornbuckle,* 769 S.W.2d 89, 98–99 (Mo. banc), cert. denied 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). This point is denied.

■ For his fifth point, defendant Sam Geary contends that the trial court erred in not allowing certain evidence "offered to establish the defense of justification" and in not instructing the jury "regarding the defense of justification".

Defendants attempted to present testimony from a witness that she had received information that the Gearys, or their families, were going to be killed or badly injured within three days, and that she told this to Sam Geary shortly prior to the incident for which defendants were charged. Defendants also wished to offer the testimony of the prosecuting attorney's secretary, that she had received a telephone call in which the caller said he had seen a motorcycle pull up beside an automobile matching the description of Lawrence Geary's automobile and saw the cyclist point a gun toward the driver of the automobile prior to the incident charged. Defendants attempted to introduce photographs of Lawrence Geary's store showing gunshot damage.

None of this was sufficient to establish justification and an instruction on it. "Where justification is an issue, the trial court may permit a defendant to introduce evidence of the victim's prior specific acts of violence of which the defendant had knowledge if the acts are reasonably related to the crime." *Parkhurst,* 845 S.W.2d at 36.

■ Although self-defense may be a defense to a charge of exhibiting a weapon in an angry or threatening manner, it is available only if justified by the defendant reasonably believing that he was in imminent danger of serious physical injury, rape, sodomy, kidnapping or death. *State v. Griffin,* 859 S.W.2d 816, 819 (Mo.App.1993). See also *State v. Trainer,* 336 Mo. 620, 80 S.W.2d 131, 134 (1935); *State v. Williams,* 815 S.W.2d 43, 48 (Mo.App.1991) (For self defense to be available, the defendant must either not be the initial aggressor or, if he was that he must effectively withdraw from the conflict).

There was evidence that defendants were pursuing Marty Leeper, who was on a motorcycle, in separate motor vehicles. There was testimony that Dan Pullum and Scott Jenkins were at Pullum's house. They observed a motorcycle come from the side of the house, followed by the car operated by Lawrence Geary. The car struck the motorcycle, knocking it down and Leeper off of it. Leeper ran toward the Pullum house. Defendants got out of their vehicles with shotguns and pointed the guns toward Leeper as he went to the house. They then pointed the guns at the doorway where Pullum, Jenkins and Leeper were standing. Leeper went in the house and defendants left. Defendants deny that they exited the vehicle with weapons.

It is obvious that if defendants were not the initial aggressors that they had an opportunity to withdraw without exhibiting their weapons. This point is denied.

For his remaining point, defendant. Sam Geary contends that the trial court erred in overruling his motion for judgment of acquittal because there was insufficient evidence presented against him to support the jury's finding. In reviewing this contention, this court accepts as true the evidence favorable to the state, including favorable inferences drawn therefrom and disregards evidence and inferences contrary, unless the inferences "are such a natural and logical extension of the evidence that a reasonable juror would be unable to disregard them." *State v. Grim,* 854 S.W.2d 403, 411 (Mo. banc), cert. denied —— U.S. ——, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). Appellate review is to determine whether there is sufficient evidence for a reasonable juror to have found defendant guilty beyond a reasonable doubt. *Id.* at 405.

Defendant Sam Geary acknowledges in his brief that Dan Pullum "testified that Sam Geary removed a shotgun from his vehicle and pointed same toward Marty Leeper as Leeper ran toward the Pullum house." This, together with the facts earlier cited, was sufficient for the jury to find defendant Sam Geary guilty of the charge. See *State v. Williams,* 779 S.W.2d 600, 602–603 (Mo.App.1989). Usually the testimony of a single witness is sufficient to establish any fact. *State v. Shaw,* 602 S.W.2d 17, 19–20 (Mo.App.1980). Defendant Sam Geary does not attempt to show any reason why this rule would not apply here.

It was not necessary for the state to prove that the shotguns were loaded to prove the offense charged. *State v. Lutjen,* 661 S.W.2d 845, 847–848 (Mo.App.1983); *State v. Overshon,* 528 S.W.2d 142, 143 (Mo.App. 1975). Point VI is denied.

The judgment is affirmed.

FLANIGAN, P.J., and CROW, J., concur.